CASE 21—PETITION ORDINARY—FEBRUARY 1.

# Gregory vs. McFarland.

Duvall
1du 59
120 172

### APPEAL FROM THE HENDERSON CIRCUIT COURT.

1. An allegation that in March, 1862, M. *was judicially found* to be of unsound mind, and to have been so for two years preceding, cannot be treated as a statement of the *fact* that he was of unsound mind.

2. Section 144 of the Code refers to those presumptions of fact which the law raises upon the ascertainment of other facts.

3. One object of the Code is to appeal to the conscience, and to deprive parties of the benefit of facts to the truth of which they are unwilling to swear.

4. The general rule is, that the statement of a fact constituting a cause of action or defense cannot be obviated by the statement of a fact which raises only a *prima facie* presumption of the fact relied upon. (13 *B. Mon.*, 176.)

H. F. TURNER, for appellant, cited *Rev. Stat.*, secs. 1, 2, *of art.* 3, *chap.* 86.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

The appellant relies upon the fact that R. M. McFarland was of unsound mind on the 2d of February, 1861. Whether or not that fact, if it had been established by allegation and proof, would have entitled the appellant to any relief, we need not decide, because, in our opinion, he failed to allege the fact.

His only allegation upon the subject is, that, in March, 1862, said McFarland was judicially found to be of unsound mind, and to have been of unsound mind for nearly two years preceding that time.

As the law makes it the duty of the jury to inquire and say at what time the subject of the inquest lost his mind (*R. S., ch.* 48, *art.* 2, *sec.* 7), the inquest furnishes *prima facie* evidence against all persons that the unsoundness existed during the period stated by the jury. (*Faulder vs. Silk*, 3 *Camp.*, 126.) If, therefore, the appellant had alleged that McFarland was of unsound mind in February, 1861, the inquest would have been *prima facie* evidence; and, as there was no other evidence upon the subject, sufficient proof of that fact. Nevertheless, McFarland may have been of sound mind in February, 1861, and that fact may have been known to the appellant. Can his allegation, that McFarland was found to have been of unsound mind at the time mentioned, be treated as a statement of the fact that he was of unsound mind?

"Neither presumptions of law, nor matters of which judicial notice is taken, need be stated in a pleading." (*Code, sec.* 144.) This does not refer to legal conclusions, such as the plea of *nil debet*, which are prohibited in pleading by those provisions of the Code which require a statement of the facts constituting the cause of action or defense. It refers to those presumptions of facts which the law raises upon the ascertainment of other facts, such as the presumption of notice of an occupant's title to land which the law raises upon the fact that he has possession. Does it apply to every presumption of law, whether it be a disputable or a conclusive presumption?

According to Mr. Greenleaf, there is a disputable legal presumption whenever "the law itself, without the aid of a jury, infers the one fact from the proved existence of the other, in the absence of all opposing evidence." "In this mode," he continues, "*the law* defines the nature and amount of the evidence which it deems sufficient to establish a *prima facie* case, and to throw the burden of proof on the other party; and if no opposing evidence is offered, the jury are bound to find in favor of the presumption. A contrary verdict would be liable

to be set aside, as being against evidence." Thus, in illustrating the distinction between presumptions of law and presumptions of fact, he says : " Where a debt due by *specialty* has been unclaimed, and without recognition, for *twenty years*, in the absence of any explanatory evidence, it is presumed to have been paid. The *jury* may infer the fact of payment from the circumstances of the case, within that period ; but the presumption of *law* does not attach till the twenty years are expired." (1 *Ev.*, *secs.* 33, 39.)

According to this definition, which is believed to be correct, of disputable legal presumptions, the inquest, in the case under consideration, raises a legal presumption that McFarland was of unsound mind in February, 1861; and if the provision of section 144, as to presumptions of law, is to be taken literally, the allegation that McFarland was found to have been of unsound mind in February, 1861, is sufficient. But that provision is an enactment of an old rule of practice, which is thus stated in Chitty's Pleadings : " A fact which the law presumes need not be stated in pleading;" and it must be interpreted in view of the decisions which illustrate that rule, though they cannot be followed implicitly. The provisions of the Code, requiring a statement of the facts constituting the cause of action or defense, and a verification of the pleadings by affidavit, must essentially modify the rule as formerly understood.

Statements of facts formerly held to be necessary, in many cases, must now be dispensed with ; or a party must swear falsely in order to obtain the benefit of facts, which, formerly, he was not required to prove, though he was required to aver them ; or he must surrender a valid cause of action or defense because he is unwilling to swear falsely. For instance, in actions for the price of goods sold and delivered, and for money had and received for the plaintiff's use, a promise to pay cannot always, nor perhaps generally, be averred with truth. Yet, in assumpsit upon such causes of action, it was necessary to aver a promise, though not necessary to prove it. (*Skillman and Tanner vs. Muir's ex'ors*, 4 *Met.*, *and authorities cited*.) So, in a contest between two purchasers of the same

Gregory vs. McFarland.

. land, the first purchaser holding an equitable title, the second purchaser holding the legal title, it may often happen that the former cannot, with truth, aver that the latter purchased with notice of his equity. Yet it is believed, that, under the old practice, such an averment was necessary, though it was sufficient to prove that the first purchaser had possession of the land at the time of the second purchase. But it seems to us, that, under the Code of Practice, as a general rule, no fact need be stated which it is unnecessary to prove; in other words, that, as a general rule, no fact need be stated, a conclusive legal presumption of which is raised by facts stated.

But, with reference to disputable presumptions, there ought, perhaps, to be less indulgence now than was allowed under the old practice; because each party has, now, a right to require that the facts relied upon against him shall be sworn to by his adversary. The failure of a party to state a fact relied upon by him, concerning the truth of which he has, or may be presumed to have, knowledge, and his attempt to obtain the benefit of it, by stating a fact which raises only a *prima facie* presumption of the fact relied upon, furnish reason to believe that he is unwilling to swear to the fact, the benefit of which he thus seeks to obtain. One object of the Code is to appeal to the conscience, and to deprive parties of the benefit of facts to the truth of which they are unwilling to swear.

It seems to us, therefore, that, as a general rule, the statement of a fact constituting a cause of action, or defense, cannot be obviated by the statement of a fact which raises only a *prima facie* presumption of the fact relied upon ; and we perceive no reason for excepting this case from the operation of that rule.

Our opinion, that the appellant's answer is insufficient, is sustained by the decision in the case of *Haggard vs. Hay's adm'r* (13 *B. M.*, 176), in which it was held, that, in an action upon a note, commenced more than twenty years after it fell due, an answer stating that fact presented no defense; and that the defendant should have pleaded payment, in order to obtain the benefit of the presumption arising from the lapse of time. The judgment is affirmed.