## Threlkeld v. Commonwealth.

(Decided January 7, 1915.)

## Appeal from Fulton Circuit Court.

1. Criminal Law—Trial in Absence of Defendant—When Not Ground for New Trial.—The trial of a defendant charged with a misdemeanor in his absence, is permitted by section 184, Criminal Code; and although prevented by illness from being present at the trial, such illness will not entitle him to a new trial, in the absence of a motion for a continuance when the case was called for trial, which might have been made by the attorney then present and representing him.

2. Intoxicating Liquors—Instructions—Error in.—Section 2557a does not repeal or otherwise affect section 2557, Kentucky Statutes, but was intended to reach violations of the local option law not covered by section 2557. Each section creates a different offense and prescribes a different penalty; and in prosecutions for violations of either section, only the penalty prescribed in that section can be applied. Therefore, on the trial of a defendant charged with the violation of section 2557a, an instruction which authorized the jury, in the event of finding him guilty, to inflict the punishment provided by section 2557, constitutes reversible error.

F. S. MOORE and SAMUEL H. CROSSLAND for appellant.

JAMES GARNETT, Attorney General, and CHAS. H. MORRIS, Assistant Attorney General, for Commonwealth.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Cue Threlkeld, was tried and convicted in the Fulton circuit court under a warrant charging him with a sale of a liquid mixture or decoction that produced intoxication; the sale having been made in the city of Hickman, in which, as well as in the county of Fulton, the local option law was and is in force. The verdict of the jury fixed appellant's punishment at a fine of $100.00 and he prosecutes this appeal from the judgment entered upon that verdict.

The warrant under which appellant was convicted was issued by the judge of the Hickman police court and on his trial, occurring thereunder in that court, he was found guilty and his punishment fixed by verdict of the jury and judgment of the court at a fine of $20.00. From that judgment he took an appeal to the circuit court, the trial in the latter court resulting as above stated.

The evidence heard on the trial in the circuit court clearly proved the sale by appellant of the liquid decoction, known as "apple base," described in the warrant, and its intoxicating properties. Indeed, it conclusively appears from the evidence that the purchaser of the decoction, and others who partook of it, became very much intoxicated.

Two grounds are urged by appellant for a reversal: (1) That because of accident and unavoidable casualty, which ordinary prudence could not have guarded against, he was prevented from attending the trial and testifying in his own behalf, and by reason thereof did not receive a fair and impartial trial; (2) that the court erred in instructing the jury.

An order of the court, appearing in the record, shows that when the case was called for trial the Commonwealth and defendant announced ready for trial, and that the latter acknowledged identity of person and entered a plea of not guilty. The record fails to show that he or his counsel asked a continuance or made any motion therefor; but, after trial, verdict and judgment, on his motion for a new trial, one of the grounds urged therefor by appellant was that he was absent at the time of the trial on account of illness with the disease known as "dropsy," which prevented his personal attendance at the trial and caused his discharge by the court from the regular panel of the jury for the term, the day before the trial of his case. These facts were shown by the affidavits of himself and counsel, filed in support of the motion and grounds for a new trial, and his own affidavit further stated that if present at the trial he would have offered such testimony as would have conduced to show that the decoction he sold did not possess intoxicating properties.

Section 184, Criminal Code, provides that a defendant charged with a misdemeanor may be tried in his absence. We think the illness of the defendant, under the circumstances presented, would have entitled him to a continuance of the case if he had moved for it when the case was called for trial and the motion had been supported by the affidavits which were filed by himself and counsel on the motion for a new trial, but, as such continuance was not asked and appellant voluntarily assumed the risk of allowing the trial to proceed in his absence, he cannot complain that the circuit court refused him a new trial on that ground.

In Veal v. Commonwealth, 162 Ky., 250, we held that a defendant in a misdemeanor case may be tried in his absence, where his failure to appear is his own voluntary act, and does not grow out of a denial of that right; but that where the Commonwealth permitted the defendant, at the first calling of his case, to show, without contradiction, that he was too sick to be present or to manage his defense, he was entitled to a continuance so as to give him an opportunity to exercise his constitutional right of being present at the trial; and the probability of the absence of the principal witness for the Commonwealth if the continuance were granted could in no way affect this right.

As there was not in the instant case, as in the Veal case, a motion for a continuance upon the calling of the case for trial, but, on the contrary, an entering of appellant's appearance and a plea of not guilty, no error was committed by the court in proceeding with the trial in his absence.

Appellant's second contention presents a more serious question, which will, in our opinion, necessitate the reversal of the judgment.

By instruction No. 1 the court told the jury:

"If you believe from the evidence in this case beyond a reasonable doubt that in Fulton county and within twelve months before the 16th day of April, 1915, the defendant, Q. Threlkeld, by himself or authorized agent, sold to Ben Neering a beverage, liquid mixture and decoction which produced and caused intoxication, you will find defendant guilty and fix his punishment at a fine of not less than $60.00 nor more than $100.00, or (and) at confinement in the Fulton county jail for any length of time not less than ten nor more than forty days, or at both such fine and imprisonment, and you may, in your discretion, provide in your verdict that he shall work at hard labor until the fine and costs are satisfied, or until the imprisonment in jail is satisfied, or both are satisfied."

This instruction correctly defines the offense charged in the warrant and what will constitute it under the statute, but applies the wrong penalty therefor . The offense charged in the warrant is made so by section 2557a, Kentucky Statutes, which provides:

"It shall be unlawful for any one to sell, barter or loan, directly or indirectly any beverage containing any

alcohol; or any liquid mixture or decoction of any kind which produces or causes intoxication in any county, city, town, district or precinct in which the sale, barter or loan of spirituous, vinous or malt liquors is or shall be prohibited in accordance with the local option law. Any person who shall sell, barter or loan, directly or indirectly, any such beverage, liquid mixture or decoction in any such county, city or town, district or precinct, shall, upon conviction be fined the sum of not less than twenty nor more than one hundred dollars for each offense, or any sale, barter or loan of any article with the agreement expressed or implied that the right or title to or possession of any such beverage, liquid mixture or decoction shall also pass, shall be considered a sale, barter or loan within the terms of this act. The possession of a United States special tax stamp (commonly called United States license) for carrying on the business of a retail dealer in spirituous, vinous or malt liquors, or the having of such tax stamp, or license at the place of business in such territory, shall be *prima facie* evidence of guilt under this section.

"*Provided,* That nothing herein shall prohibit the sale, barter or loan, or having in the custody or possession of any person, any beverage, liquid mixture or decoction, for the sale of which the United States does not require the payment of the special tax on retail liquor dealers."

It will be observed that the punishment prescribed by the section, *supra,* for the offense therein described, is a fine of not less than twenty nor more than one hundred dollars for each offense or sale, whereas, the instruction erroneously directed the jury, in the event they found the appellant guilty, to fix his punishment at a fine of "not less than $60.00 nor more than $100.00, or at confinement in the Fulton county jail for any length of time not less than ten nor more than forty days, or at both such fine and imprisonment," which is the fine prescribed by section 2557, Kentucky Statutes, for a wholly different offense than the one therein defined. That section provides that any person who shall, after sixty days following the holding of a local option election in any county, city, town, district or precinct in the State, resulting in a majority of votes against the sale of liquor, "sell, barter or loan, directly or indirectly, any such liquors (spirituous, vinous or malt) in said city, county,

town, district or precinct, shall upon conviction be fined not less than sixty nor more than one hundred dollars and be confined in the county jail for not less than twenty nor more than forty days for each offense * * *."

It will further be observed that the trial court, in erroneously applying the penalty prescribed by section 2557 to the instant case, did not even follow that section, as it requires, in the event the defendant be found guilty, not only that he be fined not less than sixty nor more than one hundred dollars, but that he also be confined in the county jail for not less than twenty nor more than forty days, whereas, the instruction advised the jury that they might, if they found the appellant guilty, fix his punishment at a fine of not less than sixty nor more than one hundred dollars, *or* at confinement in the Fulton county jail for any length of time not less than *ten* nor more than forty days, or at both such fine and imprisonment.

Section 2557a does not affect or repeal section 2557, but was intended to reach violations of the law not covered by section 2557. In Sizemore v. Commonwealth, 140 Ky., 338, we held that each of these sections creates and prescribes a different offense, with a different penalty, and in prosecutions for violations of either section, only the penalty prescribed in that section can be applied.

The error committed in the instruction was prejudicial to the substantial rights of the appellant. It was wrong to charge the defendant with and convict him of the offense of selling a decoction that will intoxicate, the penalty for which is a fine of from twenty to one hundred dollars, and direct the jury by an instruction that they might inflict the penalty fixed by law for a wholly separate and distinct offense.

For the reasons indicated the judgment is reversed and cause remanded for a new trial consistent with the opinion.