## Veal v. Commonwealth.

(Decided January 20, 1915.)

### Appeal from Calloway Circuit Court.

1. Criminal Law—Trial—Misdemeanor—Absence of Defendant.—A defendant in a misdemeanor case may be tried in his absence, where his failure to appear is his own voluntary act, and does not grow out of a denial of that right.

2. Criminal Law—Continuance—Grounds—Sickness of Accused.— Where the Commonwealth permits the accused at the first call-

ing of his case to show without contradiction that he is too sick to be present or to manage his defense, he is entitled to a continuance so as to give him an opportunity to exercise his constitutional right of being present at the trial, and the probability of the absence of the principal witness for the Commonwealth if a continuance was granted could in no way affect this right.

JOHN RYAN for appellant.

JAMES GARNETT, Attorney General, and DENNY P. SMITH, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Appellant, Gussie Veal, was arrested on a warrant from the Calloway County Court, charging him with violating the local option law by selling whiskey to J. Wavil Wade. He was convicted in that court and fined $65. From the judgment of conviction he appealed to the circuit court, where he was again adjudged guilty and his fine fixed at $100. From that judgment this appeal is prosecuted.

The principal error relied on is the failure of the trial court to grant a continuance. When the case was called in the circuit court, appellant filed the affidavit of a reputable physician, who stated that he had examined appellant, and that he was confined to his room with malarial fever, and was unable to be present at the trial. This affidavit was supplemented by the affidavit of appellant, who stated substantially the same facts, and also the facts to which he would testify if present. The Commonwealth did not undertake to controvert the statements contained in these affidavits with reference to appellant's illness, but filed a counter-affidavit to the effect that the principal prosecuting witness, who was a resident of Tennessee, was confined in jail at that time; that if the case was continued beyond the August term his sentence would expire and he would return to his native State, and would not be present at the trial; that a conviction could not be secured without the testimony of this witness. On this showing, the trial court refused a continuance, and permitted appellant's affidavit to be read as his deposition.

It is true that a defendant in a misdemeanor case may be tried in his absence, where his failure to appear is his own voluntary act and does not grow out of a denial of that right. Criminal Code, Sec. 184; Common-

wealth v. Cheek, 1 Duvall, 26; Walston v. Com., 106 S. W., 224, 32 Ky. Law Rep., 535. However, there is a broad distinction between such a case and a case like that under consideration, where the accused desires to be present and insists on that right. The Constitution provides:

"In all criminal prosecutions the accused has the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor." Constitution, Sec. 11, Bill of Rights.

It will thus be seen that the right of the accused to be heard by himself and counsel, and to meet his witnesses face to face is not a mere formal right which may be dispensed with without prejudice to the accused, but is a substantial right granted by the Constitution itself, and should not, therefore, be denied. It will not do to say that the accused was guilty, and was, therefore, not prejudiced. His guilt was a question for the jury and not for the court, and on the question of his guilt he had the undeniable right to be present and be heard by the jury. This is not a case where evidence pro and con on the question of appellant's illness was heard by the trial court, and it cannot be said that, under the facts presented, there was no abuse of discretion in refusing to grant the continuance. It is a case where the evidence introduced by the appellant on the question of his illness was not controverted by the Commonwealth. His right to a continuance depended alone on his illness, and inability to be present, and the probability of the absence of the principal witness for the Commonwealth if a continuance was granted could in no way affect the right to a continuance if, as a matter of fact, appellant was sick and unable to be present at the trial.

In the recent case of Ehrlich v. Commonwealth, 131 Ky., 680, the court said:

"When the Commonwealth permits a defendant, at the first calling of his case, to show, without contradiction, that he is too sick to be present or to manage his defense, then we think he is entitled to a continuance of the case, so as to give him an opportunity to exercise his constitutional right of being present at the trial, to confront the witnesses who accuse him, and to hear their testimony."

The facts of this case bring it within the rule above announced, and we, therefore, conclude that the trial court erred to the prejudice of the appellant in refusing the continuance asked for.

Judgment reversed and cause remanded for new trial consistent with this opinion.