## Shirley v. Commonwealth.

(Decided June 13, 1916.)

### Appeal from Monroe Circuit Court.

1. Criminal Law—Appeal and Error.—A judgment of conviction will not be reversed for any error of law appearing on the record unless, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby.

2. Intoxicating Liquors—Criminal Prosecutions—Instructions.—Where the local option statute fixed the punishment for its violation at a fine of not less than $60.00 nor more than $100.00, and at confinement in jail for not less than twenty nor more than forty days, it was not a reversible error for the trial court to instruct the jury, in case they should find the defendant guilty, to fix his punishment at a fine in any sum not less than $60.00 nor more than $100.00, and at confinement in jail for not less than ten nor more than forty days, although the jury fixed defendant's punishment at a fine of $100.00, and confinement in the county jail for a period of forty days.

SPEAR & CRABTREE for appellant.

M. M. LOGAN, Attorney General, and CHARLES H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

The appellant, W. S. Shirley, was found guilty under an indictment which charged him with selling liquor in violation of the local option law in force in Monroe county, and his punishment fixed at a fine of $100.00, and imprisonment in the county jail for a period of forty days, the cost and imprisonment to be satisfied at hard labor. Shirley appeals.

The circuit court, by an instruction otherwise correct, improperly told the jury that in case they found the defendant guilty they should fix his punishment at a fine in any sum not less than $60.00 nor more than $100.00, and confinement in jail not less than *ten* nor more than forty days. The statute fixes the punishment at a fine not less than $60.00 nor more than $100.00, and confinement in the county jail for not less than twenty nor more than forty days. Ky. Sts., sec. 2557, Carroll's ed. 1915.

Appellant contends that the instruction which authorized a minimum jail sentence of ten days, when the statute fixed the minimum jail sentence at twenty days, is a reversible error. On the other hand, the Commonwealth confesses the error, but insists that, instead of being prejudicial to the substantial rights of the defendant, it was to his advantage. Since the jury returned a verdict fixing the jail sentence at the maximum authorized both by the instruction and the statute, it is difficult to see how the error was prejudicial to appellant.

In Logsden v. Commonwealth, 9 Ky. L. R. 431, 5 S. W. 393, the statutory punishment for the offense for which Logsden was tried was confinement in the penitentiary for not less than five nor more than twenty years, but the court erroneously instructed the jury that in case they should find Logsden guilty they should fix his punishment at confinement in the penitentiary for not less than two nor more than ten years, thus making a mistake as to both the minimum and maximum punishments. The jury fixed Logsden's punishment at confinement in the penitentiary at two years, and this court held the error in the instruction was not prejudicial and would not authorize a reversal.

It is true that in the case at bar the error did not appear to the appellant's advantage in the verdict as it did in the Logsden case; but it was, nevertheless, to the appellant's advantage because the jury, if it had seen fit to do so, might have fixed the minimum confinement

at ten days under the instruction instead of twenty days, as fixed by the statute. As was well·said in the Logs-·den case, *supra,* "this certainly is not prejudicial to him when he has been found guilty. The law provides for his imprisonment for not less than five years, if guilty. He is deprived of his liberty by law,. but by an error to his advantage, not for so long a period as the law prescribes."

Section 340 of the Criminal Code provides:

"A judgment of conviction shall be reversed for any error of law appearing on the record when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been preju-·diced thereby."

See also Hargis v. Commonwealth, 133 Ky. 578; Reed v. Commonwealth, 138 Ky. 568; Cornett v. Commonwealth, 156 Ky. 803.

Threlkeld v. Commonwealth, 167 Ky. 617, is not·in conflict with these views.

While the instruction was erroneous, it clearly was not prejudicial to the substantial rights of the appellant.

Judgment affirmed.