## Long v. Commonwealth.

(Decided October 26, 1917.)

### Appeal from Breathitt Circuit Court.

1. Criminal Law—Trial—Misdemeanor—Absence of Accused—New Trial.—A defendant charged with a misdemeanor may be tried in his absence and unless he can show that he was prevented from appearing and making defense by fraud on the part of the Commonwealth, or by accident or surprise which ordinary prudence could not have guarded against, he is not entitled to a new trial because the trial took place in his absence.

2. Criminal Law—Trial—Misdemeanor—Absence of Accused—New Trial.—A new trial was properly refused a defendant who was tried and convicted in his absence where his affidavit in support thereof, merely alleged that it was his understanding that the case was continued and set for one day later than the day on which the trial was had.

3. Criminal Law—Contempt of Court—Assault and Battery—Former Conviction.—Where the defendant's act is a contempt of court and also a crime against the Commonwealth, his conviction of contempt by the court is not a bar to a proceeding by indictment.

4. Criminal Law—Instructions.—Where on a trial for assault and battery the jury were told in substance that if they believed from the evidence that the defendant committed the assault in question they should find him guilty, but the instruction concluded with the following language: "Unless you believe from the evidence beyond a reasonable doubt that the defendant has been proven guilty of the charge, you will find him not guilty," the omission from the first part of the instruction of the words "beyond a reasonable doubt" was cured by the language quoted.

A. F. BYRD for appellant.

C. H. MORRIS, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Mat J. Long was convicted of assault and battery and his punishment fixed at a fine of $75.00 and twenty days in jail. Being refused a new trial he prosecutes this appeal.

Appellant is the postmaster at Elkatawa, Kentucky, and also conducts a store at that place. During the April term, 1916, of the Breathitt circuit court, Flint Miller, the prosecuting witness, testified before the grand jury. Shortly thereafter he went to appellant's store for the purpose of getting his mail and thereupon appellant assaulted him with a pistol on account of the evidence which he had given before the grand jury. A few days later, a rule was issued by the Breathitt circuit court against the appellant to show cause why he should not be punished for contempt of court. On the hearing of the contempt proceeding, the prosecuting witness was absent. To avoid the delay and expense of a continuance, the law and facts were submitted to the court, which rendered a judgment imposing on the appellant a fine of $20.00. During the same term of court appellant was indicted for assault and battery. The case was continued from time to time until the April term, 1917, when the trial took place in the absence of the appellant. However, he was represented by counsel, who interposed the plea of former conviction and asked for a peremptory instruction on that ground. This plea was held insufficient. Thereupon the trial proceeded, with the result above indicated. Thereafter appellant asked for a new trial on account of his unavoidable absence during the trial and because the court erred in instructing the jury and in overruling his plea of former conviction.

In support of the first ground, appellant filed an affidavit to the effect that the indictment had been pending for several terms of court; that at the term just preceding the one at which he was tried, he was present in court with a large number of witnesses and ready for trial, but the case was continued on motion of the Commonwealth; that when the order of continuance was made, it was his understanding that the case was set for the third day of the next term of court; that the case was tried on the second day of said term, and at a time when, because of his absence, he was deprived of the opportunity

of making proper defense. Under our code, a defendant charged with a misdemeanor may be tried in his absence. Criminal Code, section 184; Commonwealth v. Cheek, 1 Duv. 62; Payne v. Commonwealth, 16 Rep. 839; Johnson v. Commonwealth, 1 Duv. 224; Walston v. Commonwealth, 32 Rep. 535; and unless he can show that he was prevented from appearing and making defense by fraud on the part of the Commonwealth, or by accident or surprise which ordinary prudence could not have guarded against, he is not entitled to a new trial because the trial took place in his absence. Here the sole reason for appellant's absence was "his understanding that the case was continued and set for the third day of the present term of this court, which was one day later than the day on which the trial was had." He states no other facts tending to show that he was misled as to the date of the trial by anything said or done by the court or any officer of the Commonwealth, or that he was the victim of accident or surprise which ordinary prudence could not have guarded against. It follows that a new trial was properly refused because appellant was tried and convicted in his absence.

We find no merit in appellant's plea of former conviction. The person assaulted was a witness before the grand jury empaneled by the Breathitt circuit court, and then in session, and the assault was made because of his testimony concerning appellant. Therefore in committing the assault, appellant was guilty of two separate and distinct offenses; one against the dignity of the court which the court had the inherent right to protect by punishment for contempt, the other against the peace and dignity of the Commonwealth which the Commonwealth had the right to punish as a violation of its laws. For this reason, it is the established rule, that a defendant who is guilty of an act which is a contempt of court and also a crime, may be proceeded against both by summary process and by indictment and neither proceeding will bar the other. Rex v. Lord Ossulston, 2 Stra., 1107; U. S. v. Cashile, First Highes (U. S.) 560; State v. Yancy, First Law Rep. (4 N. Car.) 519; State v. Gardener, 72 N. Car. 379.

Lastly, the instruction given by the trial court is complained of because the jury were not required to believe from the evidence beyond a reasonable doubt that appellant committed the assault in question. While it is true that the words "beyond a reasonable doubt" were

omitted from the first part of the instruction, we find that the instruction concludes with the following language: "Unless you believe from the evidence beyond a reasonable doubt that the defendant has been proven guilty of the charge you will find the defendant not guilty." The instruction should be read as a whole, and when so read, it is apparent that the omission from the first part of the instruction of the words "beyond a reasonable doubt" was cured by the quoted language, which in effect told the jury that it was necessary for them to believe from the evidence beyond a reasonable doubt that appellant committed the assault before they could find him guilty.

Judgment affirmed.