## Truitt v. Commonwealth.

(Decided October 26, 1917.)

### Appeal from Greenup Circuit Court.

1. Continuance—Affidavits for Continuance.—An affidavit which fails to give the name of the alleged absent witness, without any reason given for the failure, and which does not show any diligence exercised to procure the attendance of the witness, is not a sufficient ground to justify the granting of a continuance on account of the absence of a witness.

2. New Trial—Absence of Defendant in Misdemeanor Case.—A motion for a new trial, on account of the absence of the defendant, in a misdemeanor case, based upon the claim that the defendant

was absent, because he was laboring under a mistake as to the time of the sitting of the court, and which is not supported by an affidavit to that effect, is not a suffcient reason for setting aside the judgment and verdict.

A. S. COOPER for appellant.

CHARLES H. MORRIS, Attorney General, and D. M. HOWERTON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT.—Affirming.

The appellant, Thomas Truitt, was indicted in the Greenup circuit court, at its September term, 1914, for the offense of carrying concealed upon and about his person, a deadly weapon, other than an ordinary pocket knife. He was arrested upon a bench warrant issued upon the indictment on the 9th day of May, 1916, and was admitted to bail to answer the indictment, and thereafter continued under bail until his final trial. He was tried on the indictment on the 11th day of July, 1916, when, upon a failure of the jury to make a verdict, the cause was continued until the following term of the court, which commenced on the third Monday of October, thereafter. On the 18th day of October, the indictment was regularly called for trial, when the appellant failed to appear in person, but appeared by attorney. The Commonwealth's attorney having announced ready for trial, the appellant's attorney answered not ready, and in support of the motion filed his affidavit. The affidavit stated that the continuance was desired because of the absence of a witness, who would state "that no gun was drawn, concealed or otherwise, the charge being carrying concealed deadly weapons." The name of the witness was not given, nor did the affidavit state that the witness had ever been served with a subpoena to attend, or recognized, or that any subpoena had ever been issued for him, nor any other fact showing any diligence to procure the attendance of the witness. Neither did the affidavit state any belief as to whether or not the statements of the witness would be true when made, or that the witness was absent without the procurement or consent of the appellant. The affidavit thus lacked all the necessary statements of facts to make a sufficient ground for continuance on account of the absence of a witness. The affidavit did, however, contain a statement to the effect, that there had been a former trial of the case, at which the jury had failed to agree upon a ver-

dict, and that the appellant "was and is of the opinion that no further effort would be made by the Commonwealth, and for that reason the defendant and witness to the fact are absent." The latter statement is substantially saying, that the appellant was absent voluntarily, and without intention to be present. The court, as a matter of course, overruled the motion for a continuance. The trial resulted in a conviction of appellant, and a judgment imposing a punishment of a fine of fifty dollars and imprisonment for ten days. A defendant, in an indictment for a misdemeanor, may be tried in his absence, when he is voluntarily absent. Criminal Code, section 184; Com. v. Cheek, 1 Duvall 26; Walston v. Com., 16 B. Mon. 15; Payne v. Com. 16 R. 839; Johnson v. Com. 1 Duvall 244; Veal v. Com., 162 Ky. 250.

The appellant, on the 19th day of October, filed grounds and made a motion for a new trial. The grounds relied upon were, (1) that the court erred in overruling his motion for a continuance, and (2) because he was mistaken as to the time of the sitting of the court, that his "understanding" was that the court sat in November, instead of October. What has heretofore been said with reference to overruling the motion for a continuance shows the want of merit in the first ground relied upon for a new trial.

The grounds for a new trial failed to assert or to show, that he was not guilty of the charge in the indictment, and was not supported by any affidavit. True, the record shows that the appellant subscribed and verified the grounds, as though they were an affidavit, on the 2nd day of November, but that was fifteen days after the motion for a new trial was overruled, which occurred on the 19th day of October, and after the bill of exceptions had been filed and approved, which was done on the 28th day of October. The grounds for a new trial do not disclose any fact or reason for appellant being under the belief that the court sat in November, instead of October, nor that he had been so informed by any one, or that he had inquired into the matter, at any time, or had ever sought to ascertain when the court sat. Section 965, Kentucky Statutes, shows that an autumn term of the circuit court for the county, previous to the year, 1916, had been held in the month of September, and that the time of its holding had been changed by an act of the legislature, for the year, 1916, and thereafter to the month of October, but at no time had it been in No-

vember. The court did not abuse its discretion in overruling the motion for a new trial on account of the alleged mistake of the appellant, when the averment to that effect was not supported by any proof.

The judgment is affirmed.