## Talbott v. Commonwealth.

(Decided March 10, 1925.)

### Appeal from Daviess Circuit Court.

1. Contempt—At Common Law, Courts Possessed Unlimited Power to Punish for Contempt.—At common law, courts possessed unlimited power to punish for contempt.

2. Contempt—It is Within Legislative Power to Raise Limit of Court's Power to Punish for Contempt as Fixed by General Statute.—Since it is within legislative power to limit power of courts to punish for contempt, as done by Ky. Stats., section 1291, it is clearly within power of Legislature to raise limits fixed by that section in case of particular contempts.

3.  Contempt—Court Held Authorized to Punish for Contempt, Notwithstanding Prior General Statute Limiting such Power.—Under Ky. Stats., sections 3941m-1 to 3941m-11, courts have power to punish for contempt without intervention of jury, notwithstanding section 1291, previously enacted, limiting such power to instances where fine did not exceed $30 or imprisonment 30 hours.

4.  Criminal Law—Refusal of Continuance, where Defendant too Ill to Attend, or Prevented from Attending, is Abuse of Discretion, though Attendance Not Necessary in Case of Misdemeanor Trial.—Under Const. section 11, guaranteeing accused right to be heard and to meet witnesses, and Criminal Code of Practice, section 184, authorizing trial of misdemeanor in absence of defendant, it is abuse of discretion for trial court to refuse continuance on showing that defendant is too ill to attend, is prevented by matters beyond his control, though in his voluntary absence misdemeanor trial may proceed without him.

5.  Contempt—Denial of Continuance in Contempt Proceedings Held Not Error.—In contempt proceedings, denial of motion for continuance on ground that defendant was too ill to attend, supported only by unsworn statement of physician, held not error.

6.  Nuisance—Description of Property in Affidavit and Warrant in Contempt Proceedings, for Violation of Injunction Abating Nuisance, Held Sufficient.—Affidavit and warrant in contempt proceedings, for violation of injunction abating nuisance, held to sufficiently describe property, where same description as found in judgment was used.

7.  Nuisance—Affidavit and Warrant in Contempt Proceedings for Violation of Injunction Abating Nuisance Held to Sufficiently Apprise Defendant of Charge Against Her.—In contempt proceedings for violation of injunction prohibiting any use of certain property for year, and requiring removal from it of furniture, fixtures, musical instruments, etc., affidavit and warrant which showed that crap table was found in one of rooms, and indicated that drinking was being engaged in, held sufficient notice to defendant of charge for which she was being tried.

8.  Nuisance—One Barred by Injunction from Use of Premises May Not Complain of Illegal Search Thereof.—Defendant who, by injunction, has been barred from use of premises, cannot complain of illegal search thereof, whereby evidence against her was procured.

FLOYD J. LASWELL for appellant.

GLOVER H. CARY and WILBUR K. MILLER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Proceeded against for contempt under the provisions of section 3941m-4, Kentucky Statutes, for violating an

injunction entered in a proceeding had against her under the provisions of section 3941m-4, Kentucky Statutes, appellant was found guilty by the Daviess circuit court and her punishment fixed at a fine of $500.00 and imprisonment in jail for six months. Her motion and grounds for a new trial were overruled and she appeals.

It is insisted for appellant that the court was without jurisdiction to try and fine her for the contempt charged in view of the fact that under the statute the punishment could not be less than $200.00 nor more than $1,000.00 in fine, or not less than three months' nor more than six months' confinement in jail, or both, without the intervention of a jury. It is insisted for her that section 1291, Kentucky Statutes, is conclusive of the question. It reads:

> "The court shall not for contempt impose upon the offender a fine exceeding $30.00 or imprison him exceeding 30 hours without the intervention of a jury."

Construing that section of the statutes, this court has held in a number of cases that even in contempts growing out of the disobedience of the orders of a court, a jury must be impaneled in cases where the punishment exceeds $30.00 or imprisonment exceeding 30 hours. However, those decisions were rendered at a time when there was no other statute regulating the question except section 1291, *supra*. It will be observed that the legislature, in the statute above, did not undertake to define contempts or to prescribe what acts or conduct should constitute the offense. The statute above merely prescribed a limitation upon the power of courts to punish for contempt. Prior to the enacting of the statute and at common law courts possessed unlimited powers to punish for contempt. As was said in Underhill v. Murphy, 117 Ky. 647:

> "The power of a court to punish for contempt is as old as the common law and inherent in every court."

In Arnold v. Commonwealth, 80 Ky. 302, on the subject, we said:

> "The right to punish for contempt, without the intervention of a jury, was recognized, and is fully established by the rule of the common law, and when

the exercise of the power is admitted, the fact that a jury may be called in to aid the court in determining the quantum of punishment to be inflicted is in no manner objectionable. While the right to punish is with the court, we are not prepared to say that it is not subject in some degree to legislative control; but, on the contrary, we are inclined to adjudge that a mere arbitrary discretion on the part of the judge may be limited; but an attempt by legislation to deprive the courts of the inherent power of protection against assaults and indignities would be disregarded."

The right of the legislature to limit the power of courts to punish for contempt, as was done by section 1291, was recognized in the Arnold case, *supra*. Having so recognized the right of the legislature to limit that power, as was done by section 1291 of the statutes, it necessarily follows that with respect to particular offenses created by statute and particular acts denounced by statute as contempts the legislature may also properly fix other limits within which the courts may have power to punish for contempt, without the intervention of a jury.

The injunction entered against appellant was entered in a proceeding had by virtue of the act of the General Assembly of 1918, now sections 3941m-1-11, Kentucky Statutes. Section 3941m-2, provides that:

"When an injunction has been granted it shall be binding on the defendant throughout the Commonwealth of Kentucky, and any violation of the provisions of injunction herein provided shall be a contempt as hereinafter provided."

Section 3941m-5 provides:

"That if the existence of the nuisance be established in an action as provided in this act, an order of abatement shall be entered as a part of the judgment in the case, which order shall direct the removal from the building or place of all fixtures, furniture, musical instruments or moveable property used in conducting the nuisance."

It is further provided by that section:

"If any person shall break, enter or use a building, erection or place so directed to be closed he shall

be punished as for contempt, as provided in the preceding section.''

Section 3941m-4 provides:

''That in case of the violation of any injunction granted under the provisions of this act, the court, or, in vacation, a judge thereof, may summarily try and punish the offender.''

It further provides that a party found guilty may be fined not less than $200.00 nor more than $1,000.00 or be imprisoned not less than three nor more than six months, or both. Appellant insists that, regardless of the sections of the statutes just quoted, the court is bound by the provisions of section 1291 of the statutes, and must impanel a jury to try the contempt. We can not agree with appellant's contention. It does not seem to the court that the language used by the legislature is susceptible of that construction. In language as plain and unambiguous as could be used the legislature provided by the act in question that for the violation of an injunction abating a nuisance, under the act ''the court, or, in vacation, a judge thereof, may summarily try and punish the offender.'' The limits within which punishment might be meted out for one found guilty was then fixed. It having been held that the legislature had authority in the first instance to limit the power of courts to punish for contempt, clearly, with reference to particular contempts (or to all contempts for that matter), it has the right to raise the limit. In this instance it has done so in language so plain as not to be susceptible of misunderstanding. While not expressly so doing it can not be but that the legislature intended by the act of 1918, now under consideration, to repeal section 1291 of the statutes in so far as contempts denounced by section 3941m-1-m-11 are concerned. Consequently, we hold that the trial court had jurisdiction without the intervention of a jury to try and find appellant guilty of the contempt charged and fix her punishment as was done.

Appellant complains that the court erred in overruling her motion for a continuance of the trial of the contempt proceeding. The ground for the continuance was that she was too ill to be present. Section 184 of the Criminal Code authorizes the trial of a misdemeanor in the absence of the defendant. Section 11 of the Constitution of the Commonwealth guarantees to the ac-

cused in all criminal prosecutions the right to be heard by himself and counsel and to meet the witness face to face. Construing the section of the Code and that of the Constitution together, this court has held that it is an abuse of discretion upon the part of a trial court to refuse a continuance upon proper showing that a defendant is too ill to be present or for some other reason beyond his control is prevented from being present. (See Veal v. Commonwealth, 162 Ky. 250, 172 S. W. 501; Ehrlich v. Commonwealth, 131 Ky. 680, 115 S. W. 797, and Wallen v. Commonwealth, 204 Ky. 612). Section 11 of the Constitution does not make it necessary that a defendant be present. It merely guarantees his right to be. If he voluntarily absents himself or refrains from being present, then under section 184 of the Criminal Code the trial of a misdemeanor may proceed in his absence.

In support of her motion for a continuance appellant filed the following unsworn statement:

"Oct. 24, 1924.

"This certifies that I still am in attendance of Jeanette Talbott and she is still in bed unable to attend court.

'Respt.,
"A. C. FOSTER."

Also there was filed the affidavit of her attorney stating that Foster was a regularly licensed, practicing physician of Daviess county. The motion for a continuance upon the ground urged by appellant should be supported by affidavits or oral proof to establish the illness of the defendant. If a mere unsworn statement could be considered sufficient to authorize a continuance the courts would be able to try very few of the misdemeanor charges pending on the docket. Appellant lived in the city of Owensboro; the court was sitting at that place. If she was too ill to attend the trial competent proof of that fact could easily have been introduced in support of her motion. There was no evidence of her illness or of her desire to be present. Under the facts of the case, clearly the trial court did not abuse its discretion in refusing the continuance. In addition it may be said that from the testimony upon the trial it developed that appellant was seen riding in an automobile on the streets of Owensboro the same day the unsworn statement certified that she was at home in bed and too ill to attend court.

Again it is insisted for appellant that the affidavit filed and warrant issued thereunder against her were not sufficient to put her on notice of the charge against her and that her demurrers should have been sustained. We find that the demurrers as drawn did not attack the sufficiency of the affidavit and warrant charging her with contempt. That denominated "Demurrer No. 1" addressed itself to the jurisdiction of the court to try the proceeding, which raised the question as to whether or not the court had authority without the intervention of a jury to try appellant for the contempt charged. That denominated "Demurrer No. 2" was addressed to the constitutionality of the law under which the proceeding was had. Neither of them raised the question as to the sufficiency of the affidavit and warrant under which appellant was proceeded against.

As to the insufficiency of the affidavit and warrant it is insisted that there is a variance in the description of the property in the affidavit and warrant under which appellant was tried for contempt and the description of the property as set forth in the judgment abating the nuisance. We find no merit in that contention, as we find that the same property was described in both the judgment and the affidavit. The description as given in the judgment describes the same property as does the description given in the affidavit. Appellant contends that, whereas in abating the nuisance the judgment of the court enjoined her for a period of one year from using the property described for purposes of lewdness, assignation or prostitution, the affidavit under which the warrant was issued charging her with contempt at most shows that there was a crap table in one of the rooms and indication that drinking was being engaged in. It is contended that, therefore, it does not show a violation of the injunction. We find, however, that the judgment of the court went further than appellant contends. It ordered all the furniture, fixtures, musical instruments and articles of movable property to be removed from the building and that the building be effectually closed against use for any purpose and be kept so closed for a period of one year unless sooner released by order of the court upon the execution of a bond by the defendant. It does not appear that the bond was ever executed. The report and return of the sheriff and his testimony discloses that all the property mentioned was removed from the house and that appellant was dispossessed thereof and that it was

locked by the sheriff. Section 3941m-5 provides, among other things, ''if any person shall break, enter or use a building, erection or place so directed to be closed he shall be punished as for contempt, as provided in the preceding sections.'' In re-entering and repossessing herself of the house in question for any purpose, under the express provisions of the statutes, appellant violated the statute and the order of injunction entered against her and thereby became guilty of the contempt denounced by the statute. The affidavit gave her full notice of that fact and the warrant commanded her arrest for the contempt specified in the affidavit. Under those facts there is no merit in appellant's contention that the affidavit and warrant were insufficient to give her notice of the charge for which she was being tried.

It is further insisted for appellant that the evidence against her was procured by an unlawful search of her premises. In response to that it is sufficient to say that even if such had been the case she could not be heard to complain. By the injunction entered against her this property had been barred to her use for a period of one year. She had no right to be there and therefore is in no position to complain of any search, whether legal or illegal, of the property in question.

Upon the whole case we find that for a flagrant violation of the injunction and contempt of court openly and notoriously committed by her, appellant has been more leniently dealt with than the statute authorized. As said in Ketchem v. Commonwealth, 204 Ky. 168:

> ''The rule prevailing in this state permits us to entertain the appeal in the case at bar, not for the purpose of retrying the question of whether appellant is, or is not guilty, of the contempt charged, but to determine whether the punishment declared by the judgment complained of was illegally imposed and whether such punishment is excessive as claimed.''

We find that the punishment in this case was not illegally imposed and it can not be held to be excessive. Therefore, the judgment herein is affirmed.