## Yates v. Commonwealth.

(Decided September 28, 1926.)

### Appeal from Madison Circuit Court.

1. Criminal Law—Denial of Continuance for Absent Witness Held Not Abuse of Discretion, Affidavit Being Read as Deposition of Witness.—Refusal of continuance on ground of absence of witness, who, according to affidavit, would acknowledge ownership of liquor found in defendant's possession, held not an abuse of discretion where affidavit was read as deposition of witness.

2. Intoxicating Liquors.—Evidence on trial for possession of intoxicating liquor held to make question for jury, irrespective of whether defendant owned it or how it reached her home.

3. Criminal Law—Permitting Introduction of Evidence in Defendant's Temporary Absence Held Not Violative of Her Constitutional Rights (Constitution, Section 11; Criminal Code of Practice, Section 184).—Permitting Commonwealth to proceed with introduction of evidence in absence of defendant, who was late in re-

turning to court after noonday adjournment, held not violation, of defendant's right to meet witnesses face to face, guaranteed by Constitution, section 11, ·in view of Criminal· Code of Practice, section 184.

4. Criminal Law.—A defendant afforded an opportunity and failing to be present, or voluntarily absenting himself after trial has begun, thereby waives his right, under Constitution, section 11, to meet witnesses face to· face, in view of Criminal Code of Practice, section 184.

JOHN NOLAND for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment convicting appellant of the unlawful possession of intoxicating liquor and fixing her punishment at a fine of $100.00 and 30 days in jail.

On behalf of the Commonwealth Guy Tuggle testified as follows.: In November, 1925, he and other officers arrested appellant, James Woods and Dewey Broaddus at a garage in Richmond. The parties had been drinking, and Dewey Broaddus had a bottle containing white whiskey. Tuggle asked appellant where was the rest of the whiskey. She replied that it was at her house and would go with him and show it to him. On reaching appellant's house they discovered a Coca Cola box containing a number of bottles of moonshine whiskey. On the other hand appellant's evidence was in substance as follows: She and James Woods rode in Woods' machine from Richmond to Danville and returned by way of Lancaster. They met Broaddus in Lancaster and he returned with them to Richmond. A short distance out of · Richmond the car was wrecked. She saw Broaddus put a Coca Cola box in the car as they left Lancaster, but did not know it contained whiskey. Later she discovered that Broaddus had some whiskey in a bottle and she and Woods drank some of it. When the car was wrecked an unknown party came along and picked them up. The Coca Cola box was also placed in the machine. They were then brought to Richmond and let out at her home, and the Coca Cola box was also left there. She and Broaddus remained at her home only a few minutes and then went to the garage in Richmond where they were arrested.

Later, Woods, who had remained with the wrecked car, was also arrested. On being taken before the United States commissioner she told the officers that Broaddus had left a package at her house and that she would take them there in order that they might see whether or not it contained whiskey. This she did, and pointed out the Coca Cola box and it was found to contain whiskey. She did not know at the time the box was left at her home that it contained whiskey. They had drunk some Coca Cola out of a bottle taken from the box while on their way from Lancaster to Richmond.

The first ground urged for reversal is that the court erred in not refusing a continuance on account of the absence of the witnesses James Woods and Dewey Broaddus, who, it is claimed in the affidavit, would testify if present that the whiskey found at the home of appellant belonged to Broaddus, was taken there without her knowledge or consent, and that she did not know it contained whiskey until after the developments before the United States commissioner and her return with the officers. The affidavit does not show the whereabouts of the witnesses, or that they were within the jurisdiction of the court, or that there was a reasonable probability of procuring their attendance at a subsequent term if a continuance were granted, and, as the court permitted the affidavit to be read as the depositions of the witnesses, the refusal of the continuance was not an abuse of discretion. Phelps v. Commonwealth, 209 Ky. 318, 272 S. W. 743.

Appellant was not entitled to a directed verdict. It is immaterial who owned the box of whiskey, or how it reached appellant's home. When delivered there it was placed in her custody, and the fact that the parties had been drinking from a bottle, coupled with the other circumstances attending the transaction, was sufficient to justify the presumption that appellant knew what the box contained, and to make the question of possession one for the jury.

Another contention is that appellant was denied her constitutional right to meet the witnesses face to face. It appears that the court adjourned at twelve o'clock and resumed its sitting at one o'clock, the usual hour. Appellant was not present then, but her attorney was in court insisting that the case be delayed until she ap-

peared. After waiting a few minutes the court directed the Commonwealth's attorney to proceed with the evidence. Tuggle was placed on the stand and testified as hereinbefore set out. When he had about completed his evidence appellant appeared and took the stand in her own behalf. The language of the Constitution is:

"In all criminal prosecutions the accused has the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; *to meet the witnesses face to face,* and to have compulsory process for obtaining witnesses in his favor." Constitution, section 11.

Section 184, Criminal Code, is as follows:

"If the indictment be for a misdemeanor, the trial may be had in the absence of the defendant; or, if present, he may remain on bail during the trial."

Construing the Constitution and the Code together it has been held uniformly in misdemeanor cases that the Constitution does not make it necessary for the accused to be present and hear the witnesses testify. All that it does is to guarantee his right to be present if he so desires. Hence, if he be afforded an opportunity to be present and fails to appear, or voluntarily absents himself after the trial has begun, he waives his right to meet the witnesses face to face and the trial may proceed in his absence. Truitt v. Commonwealth, 177 Ky. 397, 197 S. W. 797; Long v. Commonwealth, 177 Ky. 391, 197 S. W. 843; Talbott v. Commonwealth, 207 Ky. 749, 270 S. W. 32.

On the whole, we find no error in the record prejudicial to the appellant's substantial rights.

Judgment affirmed.