Oran Ray **DAVENPORT**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

May 3, 1963.

Rehearing Denied June 28, 1963.

Joseph C. Healy, Covington, for appellant.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

On April 18, 1962, a Justice of Peace of Fayette County issued a warrant charging Oran Davenport with having committed the offense of grand larceny. Davenport was arrested under the warrant and tried in the Lexington Police Court on April 23, 1962. He was found guilty on the amended charge of violation of a City Ordinance Section 14-11.1. We do not have a copy of the Ordinance, but it was designated in the judgment as dealing with the offense of "Tampering with coin equipment." Davenport was found guilty and sentenced to confinement in the county jail for 90 days. On the same day he appealed the case to the Fayette Circuit Court.

The record before us does not disclose that any step was taken in the case from the 23rd day of April 1962, when the appeal and supersedeas bond were executed in the circuit court, until July 2, 1962, when a judgment was entered which recited in substance that appellant did not appear, a jury was impaneled, a trial had and verdict returned finding the appellant guilty and fixing his punishment at twelve months in the county jail and a fine of $100.

On July 9, 1962, defendant filed a motion to vacate and set aside the verdict of the jury on the ground that appellant was tried in his absence without notice to him, his counsel or the surety on the appeal bond. Later counsel filed two amended motions and affidavits in which he alleged the additional grounds (1) that the appeal should have been prosecuted by the city prosecutor instead of by the commonwealth's attorney as provided by KRS 69.460; (2) that Sec. 184 of the Criminal Code of Practice provides that one "may be tried in his absence, provided that the defendant is under indictment for misdemeanor" and since defendant was never under indictment, it was error to try him in his absence.

The Hon. Paul H. Mansfield, commonwealth's attorney, filed a counter-affidavit which reads in part as follows:

"Affiant further states that the appeal was taken by the defendant in this case

from a judgment in Police Court on April 24th, 1962, and that the docket for the trial of criminal cases was set for some three (3) weeks prior to June 18th, 1962, on which date the term began, and at the time the said docket was set this case was assigned for trial on July 2nd, 1962; that at the time the docket was set all cases were published in the newspaper and since the defendant took the appeal to the Circuit Court himself it was incumbent upon him to find out when his case would be tried as there is no duty imposed upon the Court, the Clerk, or the Commonwealth's Attorney to advise the defendant when his case would be tried."

The foregoing statement of fact in the affidavit was not denied.

On September 12, 1962, appellant's motion for a new trial was overruled and appellant has prosecuted this appeal from that order. In addition to the grounds set forth in his amended motion, on this appeal appellant further contends that he was denied due process of law in contravention of the 6th and 14th amendments of the United States Constitution and Section 11 of the Kentucky Constitution.

KRS 69.460 reads in part:

"In cities of the second class, except those operating under the commission or city manager form of government, the mayor shall appoint a city solicitor, who shall be a regular practicing attorney. The city solicitor shall, in person or by his assistant, or by the city attorney, appear for the city and attend to all cases in the circuit court and Court of Appeals wherein the city is a party in interest. * * *"

We note at the outset that the city of Lexington operates under the commission, city manager form of government. In any event, prejudicial error is not apparent when the commonwealth's attorney prose-

cutes a case involving an offense against the commonwealth. He too is charged with the duty to prosecute all violations of criminal and penal laws within his district. KRS 69.010.

The prosecuting attorney of a city of the third or fourth class (KRS 69.520 and KRS 69.570) is required to prosecute an appeal where there has been a violation of a city ordinance, but we find no such provision in a city of the second class. The defendant is not in a position to allege error in the proceeding when either one of two officers charged with the duty of prosecuting a criminal action does in fact perform the work.

Section 184 of the Criminal Code of Practice reads:

"If the indictment be for a misdemeanor, the trial may be had in the absence of the defendant; or, if present, he may remain on bail during the trial."

█ Appellant argues that since appellant was arrested under a warrant and the trial was had on an appeal from a conviction in the police court and he was never indicted by a grand jury of the circuit court, the court erred in trying him in his absence.

In Williams v. Commonwealth, 307 Ky. 37, 209 S.W.2d 477, the court said:

"Therefore, when appellant prosecuted his appeal to the Casey circuit court his case occupied the same status as if the charge against him had been preferred by an indictment returned in that court, all of which is discussed in the case of Kidd v. Commonwealth of Kentucky, 255 Ky. 498, 74 S.W.2d 944." See also Threlkeld v. Commonwealth, 167 Ky. 615, 181 S.W. 175.

The final argument made by appellant— that his constitutional rights have been violated—offers more difficulty in solution.

Section 11 of the Kentucky Constitution reads in part:

"In all criminal prosecutions the accused has the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor."

It will be noted that the above section does not limit the rights given to prosecutions in felony cases. It is Section 184 of the Criminal Code which denies those rights to one who is being tried for misdemeanor. This differentiation in the application of the constitutional section between felonies and misdemeanors has many times been upheld by opinions of this court. The reasons assigned are well stated in Yates v. Commonwealth, 215 Ky. 725, 286 S.W. 1046, where it is said:

"Construing the Constitution and the Code together, it has been held uniformly in misdemeanor cases that the Constitution does not make it necessary for the accused to be present and hear the witnesses testify. All that it does is to guarantee his right to be present, if he so desires. Hence, if he be afforded an opportunity to be present and fails to appear, or voluntarily absents himself after the trial has begun, he waives his right to meet the witnesses face to face, and the trial may proceed in his absence. Truitt v. Commonwealth, 177 Ky. 397, 197 S.W. 797. Long v. Commonwealth, 177 Ky. 391, 197 S.W. 843; Talbott v. Commonwealth, 207 Ky. 749, 270 S.W. 32."

■ In other words, the constitutional requirements may be waived in misdemeanor cases by absence from trial, but not in felony cases. The reason for this distinction is difficult to ascertain because the line of distinction between a felony and a misdemeanor in this state depends upon the amount of punishment that is prescribed for a public offense. KRS 431.060 states that offenses are either felonies or misdemeanors. Offenses punishable with death or by confinement in the penitentiary are felonies. The other offenses, whether at common law or made so by statute, are misdemeanors. The wording of Section 5, 6 and 7 of the Criminal Code is almost identical to that employed by the statute.

In the case at bar appellant was sentenced to a year in jail which is just as severe, or perhaps more severe, than a short sentence in the penitentiary. Nevertheless, the rule is so firmly imbedded in law that it has been carried over in Rule 8.28, subsection (3) of the new rules of criminal procedure where it is stated: "In prosecutions for misdemeanors, the court may permit arraignment, plea, trial and imposition of sentence in the defendant's absence." This section is purportedly an adaptation of Federal Criminal Rule 43, which reads in part: "In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial and imposition of sentence in the defendant's absence." It will be noted that there, the defendant must consent before he is tried in his absence.

■ Nevertheless, appellant and his counsel had no right to rely upon the chance that some officer of the court or of the circuit clerk's office would notify them that the case was set for trial. It was their duty to examine the docket and determine the day of trial. Scott v. Commonwealth, 219 Ky. 55, 292 S.W. 482.

It was emphasized in Threlkeld v. Commonwealth, 167 Ky. 615, 181 S.W. 175, and Veal v. Commonwealth, 162 Ky. 250, 172 S.W. 501, that a defendant in a misdemeanor case may be tried in his absence where his failure to appear is his own voluntary act and does not arise from a denial of that right. In the case at bar, appellant was unrestrained by any outside

influence. He voluntarily refrained from any attempt to learn when his case was set for trial. He was not denied the right to appear, nor was he misled or coerced into absence. His dereliction in his duty to examine the docket was voluntary.

The circuit court properly overruled the motion to set aside the verdict and judgment.

Judgment affirmed.