Ronnie **WILLOCK**, Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

Court of Appeals of Kentucky.

June 14, 1968.

Certiorari Denied Jan. 27, 1969.

See 89 S.Ct. 723.

David Kaplan, Stuart L. Lyon, Hubert H. Hevey, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

Appellant undertakes on this appeal to reverse a judgment convicting him of the crime of contributing to the delinquency of a minor, KRS 208.020(3) and 208.990 (a misdemeanor), and fixing his punishment at imprisonment in the county jail for twelve months.

Appellant presented four questions in his "Table of Contents and Authorities"; they are copied verbatim:

"1. The court erred in not admitting into evidence proof of a charge against the appellant other than that charge which was on appeal de novo from the juvenile court.

"2. The court erred in find (sic) the appellant guilty based on the insufficient evidence presented at trial.

"3. The trial proceedure (sic), including trial in absentia, deprived the appellant of a fair trial in violation of his constitutional rights.

"4. The Commonwealth failed to establish the corpus delecti (sic) and the court should have acquitted the appellant."

Appellant was tried *in absentia*. Only eleven pages of testimony appear in the record on appeal, which we assume was all the evidence introduced.

This criminal proceeding originated in the Jefferson County Juvenile Court, wherein appellant was convicted. He appealed to the circuit court where the judgment was entered from which this appeal is prosecuted.

Before discussing appellant's arguments, a brief statement of admitted facts may be stated. Appellant was eighteen years of age at the time of the alleged crime. He was married and the father of two children. The female was a juvenile fourteen years of age.

Appellant's first ground for reversal apparently contains a typographical error. Instead of discussing an "error in *not* admitting" evidence, the heart of his argument relates to the legal question of variance between the indictment or accusation and the proof. The charge was that appellant contributed to the "delinquency of Brenda Smith age 14 in that: He caused her to stay away from her home from 12–23–66 until 1–10–67. During this time he had numerous sex relations with her in his sister's home, mother's home, Portsmouth, Ohio where they stayed 4 days and also stayed in a motel in Valley Station."

■ Unlike pulling a trigger or striking a blow, the crime of contributing to the delinquency of a minor may consist of a series of acts or continuing conduct calculated to cause delinquency. Obviously the Commonwealth may prove such acts or conduct under a prosecution of this kind.

Objection is also made in appellant's first argument that there was a failure of proof that he caused Brenda "to stay away" from home or had sexual relations with her.

■ We pass to appellant's second argument, wherein we shall have more to say with reference to his first argument and its variations. The second argument questions the sufficiency of the proof offered to convict.

We quote from the testimony of Brenda Smith's father:

"A. * * * [W]ell he went to school and got her and then he took her up in Ohio and—well he come up there at home and got her out of school when she was in school. That was way back at Christmas time."

*   *   *   *   *   *

"Q. And where did he take her?

"A. He said into Ohio."

*   *   *   *   *   *

"A. But I seen him come right around the corner of my house and pick her up."

The following testimony was given by her sister:

"A. Well, first they lived in an apartment on First or Second and then they moved to an apartment on Sixth Street.

"THE COURT: Were they living together there?

"WITNESS: Yeah. I was too."

*   *   *   *   *   *

"Q. By Mr. Wooldridge: There were two boys and two girls living in that apartment as men and wives? Is that the way they were living there?

"A. (head nod)."

This testimony unexplained was sufficient to convict.

■ Appellant next contends his trial *in absentia* violated his "constitutional rights." The answer to this contention is that in misdemeanor cases it is enough that the defendant have an opportunity to be present at his trial. If he chooses not to appear, his constitutional rights are not violated by a trial *in absentia*. Cf. Yates v. Commonwealth, 215 Ky. 725, 286 S.W. 1046 (1926); also RCr 8.28.

Appellant's final argument is that *corpus delicti* was not established. The answer to this argument stands out clear and complete in our discussion of the sufficiency of the proof to convict.

The judgment is affirmed.

All concur.