## Hoskins v. Commonwealth.

(Decided September 27, 1916.)

## Appeal from Perry Circuit Court.

1.  Intoxicating Liquors—Criminal Prosecution—Evidence—Possession.—It is not essential to sustain an indictment for a violation of section 2557b, subsection 2, Kentucky Statutes, to prove that the accused had a purpose of selling the liquors in his possession, in the county where he has the liquors in his possession. It is sufficient to prove that he has the liquors in his possession, in the county wherein he is indicted for the purpose of selling them in a territory wherein the local option law is in force.

2.  Intoxicating Liquors—Possession for Purpose of Sale.—Under section 2557b, subsection 2, Kentucky Statutes, the possession, in order to constitute the offense denounced, may be by the accused in person or through an agent, if the purpose exists on the part of the accused to sell the liquors in local option territory.

3.  Intoxicating Liquors—What Necessary to Sustain Indictment.—To sustain an indictment under section 2557b, subsection 2, Kentucky Statutes, for the offense of having in possession liquors for the purpose of sale in local option territory, it is essential that the liquors be either spirituous, vinous or malt liquors, or mixtures of them, or a mixture of one of these kind of liquors with some other beverage, and the liquor must be intoxicating or such a liquor as the law presumes to be intoxicating.

4.  Intoxicating Liquors—Penalties.—Sections 2557, 2557a, and 2557b, subsection 2, of Kentucky Statutes, each creates a distinct offense, and the penalty for a violation of each of the statutes is different from the others, and one who is convicted upon an indictment for the violation of either of the statutes can not lawfully have inflicted upon him the punishment for a violation of any statute, except the one for which he was indicted.

J. C. BEGLEY and JOHN L. DIXON for appellant.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

From a judgment of the Perry Circuit Court, imposing upon him a fine of one hundred dollars, for a violation of Section 2557b, Subsection 2, Ky. Statutes, the appellant, J. S. Hoskins, has appealed to this court. The indictment upon which he was convicted accuses him of unlawfully having in his possession spirituous, vinous and malt liquors and mixtures thereof for the purpose of selling them in territory wherein the local option law

is in force. His grounds and motion for a new trial were overruled. His grounds for seeking a reversal of the judgment are, that the court erred to the prejudice of his substantial rights; (1) By overruling his motion for a direct verdict by the jury, in his favor, at the conclusion of the evidence for the Commonwealth, and at the conclusion of all the evidence; (2) and by misinstructing the jury as to the law controlling the case.

The evidence offered upon the trial was, in substance, as follows:

L. D. Smith, offered as a witness by the Commonwealth's Attorney, stated that he was the agent of the Louisville & Nashville Railroad Company at Krypton, a station upon that road in Perry county; that on July 26, 1915, as such agent, he delivered to the appellant two barrels of stuff, which was billed "Beer," and on July 29, 1915, he delivered to him four barrels of the same. These six barrels had been shipped upon the railroad to appellant by the Jung Brewing Company, of Lexington, Ky., and that according to his best recollection, the appellant was there at Krypton on the dates above mentioned, and in person received and receipted for the six barrels, which were designated upon the bills as containing beer; that he was informed that appellant was, at the time, a merchant and engaged in the business of a merchant at Hyden, in Leslie county.

The appellant, testifying for himself, stated that he only received four barrels, and that they contained a liquor called "White Ribbon Beer;" that he did not receive, at the station, nor receipt for these barrels in person, but that same was done for him by teamsters, who had authority from him to do so; that the barrels were brought to him unopened, at Hyden, in Leslie county; that he sold the stuff at fifteen and twenty cents per bottle, containing a little less than a pint, at his place of business in Hyden; that he drank of the stuff and that it was in no wise intoxicating; that he had never at any time any intoxicating liquors in his possession, in Perry county, for the purpose of selling same. J. L. Dixon, a witness for appellant, stated that he had, at different times, drunk two or three bottles of the White Ribbon Beer, which appellant sold, and that it was not intoxicating. The proof further showed that from Krypton to the Leslie county line was about one and a half miles.

To sustain an indictment for the offense of which the indictment accused appellant, it is necessary that it be proven, (1) that the accused had in his possession spirituous, vinous and malt liquors; and (2) that he had them in possession for the purpose of making sales of them in territory wherein the local option law is in force. It is not essential to proving the offense, that it be shown that a purpose exists on the part of the accused to sell the liquors in the county wherein they are held in possession, as the statute which creates the offense makes it unlawful to have such liquors in possession for the purpose of selling them in any territory wherein the local option law is in force. Section 2557b, Subsecion 2, Ky. Statutes. In the instant case, under the indictment, the offense is made out when it is proven that the accused had in his possession, in Perry county, spirituous, vinous or malt liquors, accompanied with the purpose of selling them in a territory wherein the local option law prevails. It is contended that appellant was never in possession of any liquors in Perry county, and that his possession, by his agent, was not a possession within the meaning of the statute. This contention is not sound, since one may be guilty of the offense of an unlawful sale of liquors made by his agent, and it does not appear that a possession of liquors by one's agent is less efficient for the promotion of its sale than a possession of it by the principal. The proof, by the Commonwealth, was that the barrels were received and receipted for by the appellant in person, and that the barrels shipped to and delivered to appellant were billed as containing beer, and were consigned to him by a brewer. Beer is a malt liquor, and while it is essential to constitute guilt of the offense for which appellant was indicted, that the malt liquor should be, also, intoxicating; when it is proven to be beer, the court will presume or take judicial knowledge, that it is intoxicating, without proof to that effect, as it will presume that whiskey, brandy, wine, rum or ale is intoxicating, without proof of their intoxicating effects. Gourley v. Com., 140 Ky. 221; Sizemore v. Com., 140 Ky. 336; Flanders v. Com., 140 Ky. 38; Locke v. Com., 25 K. L. R. 76. It is a reasonable inference, that one who purchases and receives six barrels of beer has the intention of selling it. Hence, when the evidence showed that a brewer had shipped to appellant four or six barrels, which were labeled and billed

as containing beer, and that appellant receipted for the barrels, and took them into his possession in a local option territory, and that his place of business was in a territory where the local option law was in force, it was sufficient evidence to warrant the court in submitting to the jury for its determination the issue as to whether appellant had malt liquors in his possession, either in person or by agent, in Perry county, for the purpose of selling them in a local option territory. The appellant may, by proof, if he can, rebut the presumption that the barrels contained an intoxicating beverage. As to whether the beer was of an intoxicating quality was an issue of fact for the jury. Hence, the court was not in error when it overruled the appellant's motion for a direct verdict in his favor.

(2) The court instructed the jury, in substance, that if it believed beyond a reasonable doubt that appellant had in his possession, in Perry county, for sale "liquor decoctions and liquid mixtures, a beverage that will produce intoxication," to find him guilty, and to fix his penalty at a fine in any sum not less than twenty nor more than one hundred dollars. The penalty provided by the instruction is the one prescribed for a violation of Section 2557a, for a sale, in local option territory, of a beverage, decoction or liquid mixture, which produces or causes intoxication, and not the penalty for having in possession spirituous, vinous or malt liquors for sale in local option territory, as provided for by Section 2557b, Subsection 2, and for the alleged violation of which statute the appellant was indicted and tried.

It will be observed that Section 2557 made it unlawful to sell, barter or loan, directly or indirectly, in a place where the local option law is in force, spirituous, vinous or malt liquors, and fixed the punishment of any one, who is guilty of so doing, at a fine of not less than sixty nor more than one hundred dollars and imprisonment for not less than twenty nor more than forty days. Section 2557a makes it unlawful to sell, barter or loan, directly or indirectly, a beverage containing any alcohol, or any liquid mixture or decoction which produces or causes intoxication, in a territory where the local option law is in force, and fixes a penalty upon any one who may be guilty of so doing, at a fine, in any sum, not less than twenty nor more than one hundred dollars. By an

amendment to that statute, it is provided that it shall not be unlawful to sell, barter, or loan any beverage, liquid mixture or decoction, for the sale of which the United States does not require the payment of the special tax required of retail liquor dealers.

Section 2557b, Subsection 2, under which appellant was indicted, makes it unlawful to sell, lend, give, procure for or furnish to another, or to have in possession for the purpose of selling any spirituous, vinous or malt liquors in any territory where the local option law is in force, and fixes the penalty for the violation of the statute at a fine of not less than fifty nor more than one hundred dollars, and imprisonment for not less than ten nor more than fifty days. Each of these statutes describes and creates a distinct offense and inflicts a different penalty for its commission, from either of the others. No other penalty can be lawfully inflicted for a violation of either of these statutes, except the one prescribed for its violation by the statute. The offense created by Section 2557b, Subsection 2, by having in possession liquors for the purpose of sale, in territory where the local option law prevails, is confined to having in possession for sale spirituous, vinous and malt liquors, and does not make it unlawful to have in possession for the purpose of sale a "beverage, decoction or liquid mixture, which will produce or cause intoxication," unless the liquor had in possession, by whatever name called, is a spirituous, vinous or malt liquor, or a mixture of these liquors, or a mixture of one or more of these liquors with another beverage, and the liquor must be intoxicating or one which the law will presume to be intoxicating. The indictment in the instant case charged the possession of spirituous, vinous or malt liquors and mixtures thereof, and the guilt of appellant turned, in part, upon whether or not he had in his possession for the purpose of sale, in prohibited territory, spirituous, vinous or malt liquors or mixtures of them, but the instruction, complained of, permitted him to be found guilty, if he had in his possession a decoction or liquid mixture or beverage, which produces intoxication, and the imposition of the penalty for selling a beverage, liquid mixture or decoction, which will produce intoxication, in a prohibited territory, and other than the penalty prescribed by the statute for the violation of which he was indicted and tried. The instruction was erroneous

and prejudicial. Threlkeld v. Com., 167 Ky. 615; Size-more v. Com., 140 Ky. 338.

For the reasons indicated the judgment is reversed and cause remanded for proceedings consistent with this opinion.