## Knight v. Commonwealth.

(Decided April 25, 1922.)

### Appeal from Muhlenberg Circuit Court.

1. Criminal Law—Commission of Illegal Act by Agent—Responsibility of Principal.—A principal can be subjected to prosecution and punishment for an offense against the penal or criminal laws of the state committed by his agent acting by his authority or approval, or within the scope of his employment. It is not necessary to prove express consent on the part of the principal. Proof that the illegal act was committed by the agent in the principal's place of business and in the apparent conduct of his business, has been held sufficient to make out a prima facie case of implied authority.

2. Intoxicating Liquors—Circumstantial Evidence.—It is a recognized rule in this jurisdiction that a conviction for violating a penal or criminal law of the state may be had upon circumstantial evidence alone, when it is of such force as reasonably to exclude every hypothesis of the defendant's innocence. This is especially true of violations of the liquor laws, which are nearly always committed with secrecy and by methods that often make detection difficult.

3. Intoxicating Liquors—Principal and Agent—Instructions.—In a penal prosecution against one charged with the unlawful sale of intoxicating liquor by or through another as agent, an instruction which fails to advise the jury what, in law, would constitute the seller of the liquor in question the agent of the accused principal, is reversible error.

WILKINS & SPARKS for appellant.

CHAS. I. DAWSON, Attorney General, THOMAS B. McGREGOR, Assistant Attorney General, and HUBERT MEREDITH for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment of the Muhlenberg circuit court entered upon the verdict of a jury finding the appellant, Fred Knight, guilty of the offense of selling "moonshine" whiskey and fixing his punishment at a fine of $300.00 and confinement for sixty days in the county jail. The indictment, which was found under the act of the General Assembly of 1920, charged the appellant with the several offenses of unlawfully selling, giving away, transporting, and keeping for sale, spirituous, vinous, malt and intoxicating liquors, but the Commonwealth, upon the appellant's motion to require of it such action, elected to prosecute him for the offense of which he was convicted, viz.: the selling of such liquor. It was contended by the appellant in the grounds supporting his motion for a new trial made in and refused by the circuit court, and is now urged by him as grounds for the reversal by this court of the judgment of conviction, that the circuit court on his trial therein erred to the prejudice of his substantial rights in the following particulars: (1) in overruling his motion, made at the conclusion of the evidence introduced by the Commonwealth, for an instruction peremptorily directing the return by the jury of a verdict of acquittal; (2) in instructing the jury on the law of the case; (3) that the verdict was contrary to law and also contrary to and unsupported by the evidence. The decision of the first of these contentions must

be determined from a consideration of the evidence adduced on the trial in behalf of the Commonwealth, all of which was furnished by the uncontradicted testimony of two witnesses, Willie Schmidt and McKinley Blythe, and the circumstances surrounding and connected with the transaction constituting the alleged offense of which the appellant was convicted.

It appears from the testimony of the two witnesses named that the appellant owns and conducts a store in the village of Knightsburg, Muhlenberg county, in which are kept and sold such articles of general merchandise as are usually handled in a village store. Schmidt and Blythe in July or August, 1921, went together to the store and upon entering the former in an open manner and in an ordinary tone of voice made known to a young man in charge of the store, then standing behind one of its counters, that he wished to purchase a quart of whiskey, whereupon the man thus addressed produced from behind the counter a glass fruit jar containing a quart of ''moonshine'' whiskey which, in the presence of Blythe, he sold and delivered to Schmidt at the agreed price of $5.00, which sum the latter did not at that time pay, but then agreed to pay later. Following his purchase of the whiskey Schmidt carried it away from the store accompanied by Blythe, but he failed to state, nor was he asked, whether he afterwards paid for it, or, if so, to whom the payment was made. Though Schmidt and Blythe positively testified that the man from whom the former purchased the whiskey was in charge of the appellant's store, both professed to be unacquainted with him and claimed that his name was unknown to them. Both also testified that they and the vendor of the whiskey were the only persons in the store when the sale of the whiskey took place.

We regard as unsound the appellant's first contention, viz.: alleged error of the trial court in refusing the instruction directing a verdict of not guilty, asked by him upon the conclusion of the evidence of the Commonwealth. For it cannot be said that the facts and circumstances presented by the Commonwealth's evidence alone would not have authorized the verdict returned, because the jury might fairly have inferred from them that as the whiskey purchased by Schmidt was sold him by the person in charge of appellant's store, which was then open and being conducted in the usual course of business, solely by such person as his agent and salesman, the whiskey

was owned by appellant and kept in his store for sale; and that the agent had express authority from him to sell it, or in making the sale, acted within the apparent scope of his authority as such agent to sell it as an arcle of merchandise kept by appellant in the store for sale. In view of the meaning and effect of this evidence of the Commonwealth, we must hold that the trial court's refusal of the peremptory instruction was not error.

In this connection it will be proper next to consider the appellant's third contention, by which the verdict is attacked on the ground that it is contrary to law and unsupported by the evidence as a whole. The only evidence introduced for the appellant was furnished by his own testimony, in giving which he denied that he kept or had in his store or for sale, whiskey in any quantity; also, that he had any knowledge of the sale of whiskey in his store to the witness, Schmidt, on the occasion testified to by the latter, or that its sale was made by his agent in charge of the store with his knowledge or by his authority. Appellant admitted, however, that at the time of the alleged sale of the whiskey in question he had three clerks in his employ, all of whom acted as salesmen in his store, each having at times charge thereof; but he failed to mention the names of these clerks, introduce any of them as witnesses, or to state which of the three was in charge of the store at the time of the alleged sale of whiskey to Schmidt.

It may be remarked that the positive evidence of the Commonwealth as to the sale of the whiskey by appellant's agent, was contradicted by the appellant only to the extent of declaring that such sale, if made, was not authorized by him or made with his knowledge. But, without further comment upon the evidence or expression of opinion as to its weight, it is sufficient to say that it was the province of the jury to weigh the evidence and from it determine the appellant's guilt or innocence, in doing which they had the right to accept as true or reject as false any part of it they deemed proper. In our opinion the evidence was sufficient to authorize the submission of the case to the jury, and that no reason is apparent for sustaining the appellant's contention that it fails to support the verdict of the jury.

It cannot be questioned that a principal can be subjected to penal prosecution and punishment for an offense against the penal or criminal law of the state committed by his agent acting by his authority or approval,

or within the scope of his employment. Nor is it necessary to prove express consent of the principal to the agent's illegal act. The assent of the former may be shown by any competent evidence to that effect; and proof of the fact that the illegal act was committed by the agent in the principal's place of business and in the conduct of his business has been held sufficient, in most circumstances, to make out a *prima facie* case of implied authority. 21 R. C. L., sections 114-119.

The fact of agency must, therefore be established by proof of the conduct of the principal and agent, the relation of each to the transaction involved, and the circumstances surrounding the transaction, all of which serve to make the question of agency one to be determined by the jury.; and, as stated in the recent case of Bowling v. Commonwealth, 193 Ky. 647: "It is a recognized rule in this jurisdiction that a conviction for violating a criminal law of the state may be had upon circumstantial evidence alone when it is of such force as to reasonably exclude every hypothesis of the defendant's innocence. King v. Commonwealth, 143 Ky. 127; Peters v. Commonwealth, 154 Ky. 689; Mobley v. Commonwealth, 190 Ky. 421. This is especially true of violations of the liquor laws, which are nearly always committed with secrecy and by methods that often make detection difficult." Consideration of the appellant's complaint of the trial court's instructions to the jury, contained in the second ground urged by him for the reversal of the judgment, convinces us that instruction No. 1 incorrectly gave the law of the case. The instruction as given failed to tell the jury what would constitute the seller of the whiskey in question the agent of the appellant, which it should have been made to do. As we regard this error so prejudicial to the substantial rights of the appellant as to compel the reversal of the judgment, the court below on another trial should give the instruction in the following language: The court instructs the jury that if they believe from the evidence to the exclusion of a reasonable doubt, that the defendant, Fred Knight, in Muhlenberg county, and within one year before the finding of the indictment herein, by or through another authorized by him to sell as his agent spirituous liquors, sold such spirituous liquor to Willie Schmidt and McKinley Blythe, or either of them, they should find the defendant guilty as charged in the indictment and fix his punishment at a fine of not less than $50.00 nor more than $300.00, and confinement in

the county jail not less than thirty nor more than sixty days.  The court further instructs the jury that if they should entertain from the evidence a reasonable doubt as to the defendant having been proved guilty, they should find him not guilty.

For the reason indicated the judgment is reversed and cause remanded for a new trial not inconsistent with the opinion.