## Ragland v. Commonwealth.

(Decided October 3, 1924.)

### Appeal from Hopkins Circuit Court.

1. Intoxicating Liquors—Existence of Agency of One Selling Liquor Held Inferable from Evidence.—Agency of one for defendant, in whose home he sold liquor, could be inferred from fact that marked money given for liquor was found in defendant's possession a few minutes after sale.

2. Intoxicating Liquors—Instructions as to Agency of One Selling Liquor Held Proper and Sufficient.—In prosecution for sale of whiskey by and through agent, instructions as to agency held proper and sufficient.

H. F. S. BAILEY AND COX & GRAYOT for appellant.

FRANK E. DAUGHERTY, Attorney General, GARDNER K. BYERS, Assistant Attorney General, T. C. BENNETT, and CHAS. G. FRANKLIN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant was tried and convicted of illegally selling whiskey to O. Castleman, by and through her agent, Frank Hunter. For reversal of the judgment it is urged that the court erred in not directing a verdict of acquittal, and in failing to instruct the jury upon the question of Hunter's agency.

The Commonwealth proved by Castleman that he purchased whiskey from Hunter at the home of defendant, but not in her presence, and that in a few minutes thereafter the defendant had in her possession a marked $1.00 bill that Castleman had paid Hunter for the whiskey.

It is insisted that an acquittal should have been directed because of the absence of any evidence to show that in making the sale Hunter was acting as the agent of the defendant; but we are of the opinion that the existence of such agency is reasonably inferable from the above circumstances.

It is true that the first instruction, which alone is discussed by counsel for appellant, simply authorizes the jury to find defendant guilty if they believe beyond a reasonable doubt that she sold the liquor to Castleman "by and through her agent Frank Hunter," without informing them as to what would constitute him her agent

in the matter, which we held in Knight v. Commonwealth, 194 Ky. 563, 240 S. W. 40, was a reversible error, but in a second instruction the court told the jury, as was not done in the Knight case, that although they believed Hunter sold Castleman whiskey they could not find the defendant guilty "unless you shall believe from the evidence beyond a reasonable doubt that the said Hunter in making said sale, if he did make it, was at the time acting as the agent of the said defendant, Alberta Ragland, and in making said sale, if any, acted with her knowledge and consent."

It is clear, therefore, that there is no merit in this or either of appellant's contentions.

Judgment affirmed.