## Wells v. Commonwealth.

(Decided October 31, 1924.)

### Appeal from Muhlenberg Circuit Court.

1. Intoxicating Liquors—Evidence Held Sufficient to go to Jury on Question of Sale by Agent.—Evidence of defendant's ownership of soft drink place and agency of person making sale of liquor therein held sufficient to go to jury.

2. Intoxicating Liquors—Authorization to Agent to Sell May be established by Either Direct or Circumstantial Evidence.—Authorization of sale of intoxicating liquor by agent may be established by either direct or circumstantial evidence.

3. Intoxicating Liquors—Evidence that Act was Committed by Agent in Principal's Business House Makes Prima Facie Case of Authority.—Evidence that sale of liquor was committed by agent in business house of principal makes prima facie case of implied authority to sell, and it is not necessary to prove express consent.

4. Intoxicating Liquors—Proof of Reputation for Bootlegging is Substantive Evidence.—Proof of defendant's reputation for bootlegging is substantive evidence in prosecution for unlawful sale.

LUKE TEAGUE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

This is an appeal from a judgment of the Muhlenberg circuit court sentencing appellant to pay a $300.00 fine and serve sixty days in jail upon the verdict of a jury convicting him of the offense of unlawfully selling intoxicating liquor. The illegal sale was charged to have been made by appellant's duly authorized agent acting in the course of his employment and then and there in charge of and conducting appellant's place of business in Central City, Kentucky.

Appellant insists that the evidence wholly failed to show that he was the owner of the place where the offense was committed, or that the person committing the offense was his authorized agent, and for this reason it is urged that the trial court erred in overruling his motion for a directed verdict. The sufficiency of the evidence upon these two issues of fact is the only question presented or argued upon this appeal. No objection was made to any of the evidence introduced by the Commonwealth, nor were any of its witnesses cross-examined by counsel for appellant; and since the latter neither testified nor offered other testimony in his own behalf, the evidence for the Commonwealth stands unchallenged and uncontradicted. That it is ample to support the conviction may readily be seen from a review of the testimony as disclosed by the record.

It appears from the evidence that J. A. Moran and J. B. Brown, two private detectives of Louisville, Kentucky, had been brought to Central City for the purpose

of investigating violations of the liquor laws. They were unfamiliar with the streets, houses and places of business in Central City and were unacquainted with its people.

Moran testified that he and Smith went to the soft drink stand, which, he was informed, belonged to appellant, and he there bought from appellant's agent who was in charge of the business a two-ounce bottle of Jamaica ginger which contained 91% alcohol and was intoxicating. It is true he did not know the name of the street upon which the soft drink stand was located, but he stated definitely that the latter was in a little, new, square-shaped department in the rear of an old frame building at the end of the street across the railroad, which building contained a clothing store in the front and faced on the street just across the railroad track coming south. Having thus identified the building and premises and having proved by both Moran and Smith that they were informed that appellant owned the business conducted at the place described, the Commonwealth then introduced as a witness the county attorney of Muhlenberg county. He swore that the premises and place of business described by the witnesses belonged to and were conducted by the appellant. Certainly this was sufficient to identify the place where the offense was committed and to establish appellant's ownership thereof, particularly in the absence of a denial by the appellant or other evidence to the contrary. The court, therefore, did not err in overruling appellant's motion for a peremptory instruction in so far as it was based upon the ground that the evidence failed to show that he was the owner of the soft drink stand where the offense was committed.

The second ground upon which it is insisted that the motion for a peremptory instruction should have been sustained, i. e., that the Commonwealth failed to prove that the liquor was sold by appellant's duly authorized agent, is equally without merit. Authorization may be established by either direct or circumstantial evidence, and, as this court said in the case of Cartwright v. Commonwealth, 196 Ky. 6:

"Evidence that the act was committed by the agent in the business house of the principal and in the conduct of the principal's business, is held generally to make a *prima facie* case of implied authority. It is not necessary to prove express consent by the principal to the agent's unlawful act."

Other cases to the same effect are Williams v. Commonwealth, 204 Ky. 538; Knight v. Commonwealth, 194 Ky. 567.

Here the witness testified that when he entered appellant's soft drink stand there was only one person present and he was the clerk in charge of the place of business and was selling the "stuff" for the appellant. The witness approached the man and stated that he had been out all night and wanted to buy a bottle of Jamaica ginger; that he was feeling bad and wanted something to straighten him up. The clerk recommended Jamaica ginger and at the same time advised him to mix it with a cherry phosphate, which he then and there furnished the witness. The latter stated unequivocally that the man who made the sale to him was in charge of and conducting the place of business.

The county attorney identified this clerk by the description furnished him as being appellant's brother, who ran appellant's place of business for him. He further testified that appellant's reputation for bootlegging was bad, and this testimony was corroborated by that of two other witnesses.

We have held in numerous cases that proof of a defendant's reputation for bootlegging is substantive evidence. Brown v. Commonwealth, 199 Ky. 831; Crawford v. Commonwealth, 198 Ky. 726.

So that, taking all the circumstances into consideration, including the fact that the sale was made by appellant's agent in appellant's place of business and in the regular line of his duty, together with the fact that appellant's reputation for bootlegging was bad, we think that a *prima facie* case of authorized agency was clearly established and that the evidence warranted the court in submitting the question to the jury for its determination.

As stated before, appellant offered no evidence in his own behalf and did not himself take the stand to deny either his ownership of the business or the authority of his agent. These questions were presented to the jury under proper instructions, and the jury found the appellant guilty. There being ample evidence to warrant the verdict of the jury and to support the judgment, it is accordingly affirmed.