Jo M. FERGUSON, Attorney General of the Commonwealth of Kentucky, et al., Appellants,

v.

C. D. REDDING, Individually, and for and on Behalf of All Residents, etc., et al., Appellees.

Court of Appeals of Kentucky.

Aug. 28, 1957.

928

Jo M. Ferguson, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellants.

Squire N. Williams, Jr., Frankfort, for appellees.

CULLEN, Commissioner.

In attempted compliance with the provisions of KRS 118.430(2), the Attorney General prepared a question to be placed upon the ballots at the November 1957 general election, purporting to state the "substance" of an amendment to the Kentucky Constitution proposed by Chapter 169 of the Acts of 1956. In a declaratory judgment action brought by a citizen, voter and taxpayer against the Attorney General and the Secretary of State, judgment was entered declaring that the question did not correctly and adequately state the substance of the amendment as required by KRS 118.430(2). The Attorney General and the Secretary of State have appealed.

The proposed amendment would make changes in sections 91, 93, 95 and 96 of the Constitution. The only change in sections 91 and 95 is to eliminate the Superintendent of Public Instruction from the enumeration of constitutional elective state officers. The amendment of section 96 is in the nature of a mechanical adjustment of section numbers. All new matter proposed by the amendment is embodied in section 93, which is here set forth in its amended form:

"The Treasurer, Auditor of Public Accounts, Secretary of State, Commissioner of Agriculture, Labor and Statistics, Attorney General and Register of the Land Office shall be ineligible to re-election for the succeeding four years after the expiration of the term for which they shall have been elected. The duties and responsibilities of these officers shall be prescribed by law, and all fees collected by any of said officers and the State Board of Education shall be covered into the treasury. There shall be a State Board of Education consisting of nine members, who shall severally hold their office for the term of nine years, none of whom shall be eligible for appointment unless he has been a citizen of Kentucky as least five years preceding his appointment, is a voter in the district for which he is appointed, and has attained the age of thirty years. The Board shall have the management and control of the common school systems of the State and other functions assigned it by law, and shall appoint a Commissioner of Education who shall act as its executive agent, and serve for such reasonable term and at such salary and allowance as may be fixed by the Board. The General Assembly shall, in 1958, divide the State, by counties, into eight districts as nearly equal in population and compact in form as possible; and it may, commencing in 1972 and every ten years thereafter, redistrict the state in like manner. The Governor shall appoint eight members of the Board from districts and the ninth member from the state-at-large. Commencing July 1, 1958, the Governor shall appoint members of the board as follows: One member each for nine, eight, seven, six, five, four, three, two and one year terms, respectively, and upon the expiration of the respective terms of said members their successors shall be appointed by the Governor for terms of nine years each.

"The Board shall elect a chairman annually from among its membership. Board members shall at stated times receive for their services adequate compensation and allowances to be fixed by law. Members of the Board shall serve until the expiration of their respective terms and until their successors are appointed and qualified; provided, that in the event no successor is appointed within sixty days after the expiration of the term of any member whose appointment is herein provided for, the remaining members of the Board shall make the appoint-

ment. In the event that a vacancy shall occur on the Board by reason of the death or resignation of a member, or for any other reason, the Board shall appoint a successor who shall hold office until the expiration of the term and the appointment and qualification of a successor as herein provided. Other officers and employes serving in State-supported educational institutions or school districts may be appointed or elected for such reasonable terms of years and shall have such qualifications and salaries and such duties of a local or state-wide nature as may be prescribed by law. Inferior State officers, not specifically provided for in this Constitution, may be appointed or elected, in such manner as may be prescribed by law, for a term not exceeding four years, and until their successors are appointed or elected and qualified."

(The present section 93 consists of the first, second and last sentences of the above-quoted amended section, with the Superintendent of Public Instruction included among the officers enumerated in the first sentence.)

The ballot question as prepared by the Attorney General is as follows:

"Shall Sections 91, 93, 95 and 96 of the Constitution of Kentucky · be amended so as to: (1) abolish the elective office of Superintendent of Public Instruction at the end of the present term, and provide for the appointment thereafter of a Commissioner of Education by a State Board of Education; (2) provide for the appointment by the Governor, commencing July 1, 1958, of a State Board of Education, which shall consist of eight members selected from districts and one member from the state at large; (3) empower the Board to manage and control the common school systems; (4) establish the qualifications and tenure of the Commissioner of Education, board

members, and other officers and employes, and provide for the fixing of their compensation and the filling of vacancies; and (5) require the General Assembly in 1958 to divide the state by counties into eight districts of near equal population and authorize redistricting every ten years, commencing in 1972."

■ Necessarily, in endeavoring to state the "substance" of an amendment in an abbreviated form, and thus to paraphrase it, the Attorney General has a limited obligation of interpretation, in the sense that he may employ other words to express the meaning of the amendment. But we do not conceive it to be his function to determine possible side-effects or ultimate consequences, or to expand interpretation to the extent of supplying omissions or making clarifications, even by use of well established rules of construction. It is his duty to state the substance of the amendment as actually set out in the legislative proposal, without interpretative expansion or restriction.

■ The principal objections that are raised to the particular ballot question here in issue grow out interpretative problems. First it is maintained, and the circuit court so held, that the question is improper in stating that the office of Superintendent of Public Instruction is abolished at the end of the term of the present incumbent. It will be observed that the amendment itself is silent on this point. We agree that the question is improper in this respect, not because we have any fixed opinion as to when the abolishment will take effect, but because we think it was not the function of the Attorney General to supply by interpretation an omission in the wording of the amendment.

■ The circuit court was of the opinion that the question should have stated that the amendment would permit the payment of compensation in excess of that fixed by section 246 of the Constitution. The amendment does not so provide; ac-

cordingly, we think the question in this respect was proper.

 Other possible questions of interpretation conceivably could arise from the wording of the next to last sentence of amended section 93. We believe that in attempting to paraphrase this portion of the amendment the Attorney General resorted too much to generalities and may have omitted some terms of significance. It is our opinion that this sentence should be set forth verbatim in the question.

In some other respects the question may be considered inadequate or not strictly accurate. The provision of the amendment for nine-year terms for the members of the Board of Education represents a marked departure from the standard four-year limit upon terms of public officers in Kentucky, such as would seem to warrant specific mention in the question. Also, we believe the word "tenure" as used in the question is not a completely accurate synonym for the word "term" as used in the amendment. The question appears to be incorrect in stating that the amendment establishes. qualifications for the Commissioner of Education and other officers and employes.

The appellee suggests that the question should contain more detail as to qualifications, vacancies, powers, etc. However, except in the respects hereinbefore indicated, we believe that the question reveals the essential character and purpose of the proposed amendment and thus may be considered to state the "substance" of the amendment. See Funk v. Fiedler, Ky., 243 S.W.2d 474.

The circuit court seemed to be of the opinion that the question should call attention to possible ultimate consequences of the adoption of the amendment. As previously indicated, we think the function of the question is only to state the substance of the terms of the amendment, leaving it to the voters to judge of its possible consequences.

Although we do not concur in the reasons assigned by the circuit court, we reach the same conclusion, namely, that the question does not adequately or properly state the substance of the proposed amendment.

The judgment is affirmed.