**Lynn M. RAQUE, Appellant,**

**v.**

**CITY OF LOUISVILLE, Kentucky and Robert Matthews, Attorney General; Commonwealth of Kentucky, Appellees.**

Court of Appeals of Kentucky.

May 6, 1966.

James B. Young, Louisville, for appellant.

Eugene H. Alvey, Franklin P. Hays, Louisville, Robert Matthews, Atty. Gen., Henri L. Mangeot, Asst. Atty. Gen., for appellees.

PALMORE, Judge.

By an ordinance duly enacted and approved on August 24, 1965, the City of Louisville directed an election to be held on the question of whether it should incur an indebtedness of $29,820,000 for a variety of specified municipal projects. KRS 66.050. The proposal received the assent of more than two-thirds of the voters, as required by Const. § 157, at the November 1965 election, and on December 30, 1965, the city enacted a further ordinance authorizing the issuance of bonds payable over a 30-year schedule and providing for the levy of "a tax sufficient to pay the interest on said bonds as the same falls due and also to constitute a sinking fund for the payment of the principal of said bonds as the same mature, which tax shall be levied and collected at the same time and in the same manner as other taxes of said City and shall be in addition to all other taxes authorized to be levied by said City."

This suit was brought by the city against one of its resident citizens and ad valorem taxpayers, as a class representative, for a declaratory judgment determining the va-

lidity of and construing the ordinances. KRS 66.210; KRS 418.040. The Attorney General of the Commonwealth intervened, KRS 418.075, because the complaint raised certain questions with regard to the validity and applicability of the 1965 Special Session tax legislation, 1965 1st ex s, H 1.

On the basis of the pleadings, depositions and stipulated facts the trial court adjudged that the ordinances were valid, that the bonds hereafter issued in conformity with them will be enforceable obligations of the city so long as the 10% limitation of Const. § 158 is not exceeded,[1] and that all property subject to ad valorem taxation by the city may be taxed at whatever rate should become necessary, after compliance with KRS 91.150 and 91.200,[2] in order to pay the interest and provide a sinking fund for retirement of the bonds on schedule.

■ The first argument on appeal is that the ordinances violate Const. § 178 in specifying more than one "purpose" for which the money to be borrowed shall be used. It is frankly conceded that to reach that end would require us to overrule Burke v. City of Louisville, Ky., 275 S.W.2d 899 (1955), and the precedents on which it rests. We are satisfied, however, that the law as it now stands in that respect is sound and should not be disturbed.

The only other issue seriously pursued at this stage concerns House Bill 1,[3] which, broadly speaking and with exceptions not pertinent to this case, provides that local ad valorem tax rates for 1966 and thereafter may not exceed what is necessary to produce the same amount of tax revenue as in 1965. This maximum is called the "compensating tax rate." KRS 132.010(6).

It is expressly applied to cities by Section 14 of the Act, now KRS 132.027.

Appellant contends that the compensating tax rate limits any levy of taxes, including those which may become necessary in order to pay the interest and provide a sinking fund to retire the principal of these bonds on schedule. If so, the Act runs afoul of Const. § 159, which prescribes that whenever a local taxing authority is authorized to contract an indebtedness it must at the same time provide for the collection of an annual tax sufficient to pay the interest and create a sinking fund for the retirement of the principal within not more than 40 years.[4]

■ Since City of Winchester v. Nelson, 175 Ky. 63, 193 S.W. 1040 (1917), it has been established and "is still recognized that an indebtedness authorized by a vote of the people permits a levy in excess of the maximum specified in Section 157" of the Constitution. Griffin v. Clay County, 304 Ky. 592, 201 S.W.2d 733, 735 (1947). To hold otherwise, reasoned the *City of Winchester* opinion, would have the probable effect of rendering nugatory the provision of Const. § 157 which authorizes a voted indebtedness in excess of current revenues, a result the court felt was not intended by the framers of the Constitution. For the same reason, and without reaching the question of whether any legislation effecting such a result would be constitutional, we have no difficulty in concluding that the General Assembly did not intend to limit the rate at which taxes must necessarily be levied to pay an indebtedness incurred either theretofore or thereafter by authority of a vote of the people under Const.

1. It was established by the evidence that an increase of $29,820,000 would not at present cause the net indebtedness to exceed the limit.

2. KRS 91.200(6) provides that ad valorem taxes for the benefit of the sinking fund shall not be levied unless the income of the sinking fund is otherwise insufficient. The chancellor found as a fact that

the income of Louisville's sinking fund probably will be sufficient to pay the principal and interest on the $29,820,000 bond issue without additional ad valorem taxation.

3. Enacted in September of 1965 and effective December 16, 1965.

4. The same requirement is carried into the statutes by KRS 66.050(2).

§ 157. Considering the background of the Act, it seems quite certain that it was designed to safeguard against unintended tax burdens, and not against those which are specifically intended and specially authorized.

The judgment is affirmed.