**W. E. NEWBOLT, a Citizen, Resident and Taxpayer of the City of Berea, Kentucky, and the Berea Independent School District, Individually and as a Representative of All of the Citizens, Residents and Taxpayers of Said City and District, Appellant,**

v.

**BOARD OF EDUCATION OF BEREA INDEPENDENT SCHOOL DISTRICT and the City of Berea, Kentucky, Appellees.**

Court of Appeals of Kentucky.

Dec. 16, 1966.

George T. Ross and John W. Palmore, Richmond, for appellant.

Guy K. Duerson, Jr., Berea, Grafton, Ferguson, Fleischer & Harper, and Jo M. Ferguson, Louisville, for appellees.

CULLEN, Commissioner.

Last week, in Fayette County Board of Education v. White, Ky., 410 S.W.2d 612 (decided December 6, 1966) this court construed subsection (7) of KRS 160.477, relating to special voted taxes for school building purposes. In the case now before us we are called upon to construe subsection (6) of the statute. In this case, as we did in the Fayette County case, we shall give prime consideration to the objective sought to be accomplished by the 1965 legislation which by amendment to KRS 160.477, created the two subsections.

The question in issue here is whether a special building fund tax voted by the people of the City of Berea Independent School District on December 8, 1965, *after* the *enactment* of the 1965 legislation amending KRS 160.477 but *before the effective date* of that legislation (which was December 16), could be levied for 1966 at the *voted rate* of 45 cents per hundred dollars of assessed valuation or was limited to the "compensating rate" as defined in KRS 132.010. The circuit court held that the tax could be levied at the voted rate. A protesting taxpayer has appealed.

Subsection (6) of KRS 160.477 is as follows:

"Notwithstanding the provisions of any other subsection of this section to the contrary, for the 1966 tax year and for all subsequent years no district board of education shall request the levy of a rate under the provisions of this section which exceeds the compensating tax rate as defined in KRS 132.010, * * * except that a rate which has been approved by the voters under this section but which was not levied by the district board of education in 1965 may be levied after it has been reduced to the compensating tax rate as defined in KRS 132.010."

Literally construed, this subsection prohibits the levy of *any* rate if no rate was levied in 1965, because the "compensating tax rate" as defined in KRS 132.010 is such

rate as produces an amount of revenue approximately equal "to that produced in 1965." Obviously, if *nothing* was produced in 1965 the compensating rate would be zero.

The appellant here, although purporting to argue for a literal interpretation of the statute, actually is arguing that the statute should be construed as if it provided that a tax which had been approved but was not levied in 1965 can be levied at such a rate only as will produce approximately the same revenue as the tax *would have produced if it had been levied in 1965.*

The appellees maintain, and the circuit court in substance held, that the statute means that any tax levied in 1965 must be "rolled back" to the compensating rate, and any tax that *could have been* levied in 1965, because a vote authorizing it had been taken prior to the time for making the 1965 levy, must be "rolled back" to a rate which will produce no more revenue than would have been produced in 1965 had the tax been levied in 1965. See Boggs v. Reep, Ky., 404 S.W.2d 24.

■ We think the literal interpretation is unacceptable because, first, if the legislature had intended simply to forbid any future voted tax levies it would not have used such obtuse language; and, second, the literal interpretation would not be compatible with the obvious object and purpose of the 1965 legislation. It is an established rule of statute construction that the courts will consider the purpose which the statute is intended to accomplish and will not give a strict, literal construction to the statute if it would lead to an unreasonable or absurd conclusion. City of Frankfort v. Triplett, Ky., 365 S.W.2d 328; Kentucky Mountain Coal Co. v. Witt, Ky., 358 S.W.2d 517.

■ The obvious purpose of the 1965 legislation was to prevent the taxpaying public from being subjected *by governmental bodies* to taxes far in excess of those paid in the past, through the application

of old tax rates to greatly increased assessments. There existed no reason to prohibit the voters from *voting upon themselves,* with full knowledge of all the facts, an additional tax. (The evidence in this case is that the voters were fully informed that the tax on which they were voting would be levied on a 100-percent property assessment.) As we said with respect to this same 1965 legislation in Raque v. City of Louisville, Ky., 402 S.W.2d 697, at 699:

"* * * Considering the background of the Act, it seems quite certain that it was designed to safeguard against unintended tax burdens, and not those which are specifically intended and specially authorized."

For the reasons just stated, the nonliteral interpretation of the statute advocated by the appellant is not acceptable. If the voters deliberately and intentionally voted upon themselves a tax of 45 cents per hundred, knowing it would be levied on a 100-percent assessment, what possible reason could the legislature have had for requiring that the rate be reduced to 15 cents?

It is our conclusion that the only reasonable construction of the statute is that its limitations apply only to such taxes as were voted prior to the time of making the 1965 tax levy.

The judgment is affirmed.

MONTGOMERY, Judge (dissenting).

In Fayette County Board of Education v. White, Ky., 410 S.W.2d 612 (decided December 6, 1966), this court held that the Fayette County Board of Education was compelled to "roll back" a voted building fund levy authorized by KRS 160.477 and to include it in the compensating tax rate as defined by KRS 132.010.

The only distinguishing feature in this case is that here the school board undertook to beat the "roll back" by voting a building tax levy under KRS 160.477 after the "roll back" legislation had been enacted and before its effective date, December 16, 1965. The wording of KRS 160.477(6), as quoted in the majority opinion, expressly forbids such action. The majority opinion is a masterfully-written avoidance of the plain language of this section.

It is a cardinal rule of statutory construction that words shall be given their ordinary meaning. When this rule is applied, the statute is plain.

The pertinent part is quoted for convenience:

"Notwithstanding the provisions of any other subsection of this section to the contrary, for the 1966 tax year and for all subsequent years no district board of education shall request the levy of a rate under the provisions of this section which exceeds the compensating tax rate as defined in KRS 132.010, * * * except that a rate which has been approved by the voters under this section but which was not levied by the district board of education in 1965 may be levied after it has been reduced to the compensating tax rate as defined in KRS 132.010."

It is to be noted that the statute was written in contemplation of action to be taken for the 1966 tax year. It expressly forbids any district board of education to request the levy of a rate which exceeds the compensating rate. The majority opinion concedes that this is the literal construction of the section. The latter part of the section fits this case like a glove when it says that any rate approved by the voters but not levied in 1965 may be levied "after it has been reduced to the compensating tax rate as defined in KRS 132.010." The rate in question had been approved before the 1966 tax year and had not been levied in 1965. It is hard to envision a plainer case where the facts come completely under the language of a statute.

The action of the Berea board is nothing more, nor less, than an attempt to defeat the very purpose of the "roll back" legislation. KRS 132.010(6) expressly limits the

amount of revenue to be produced in 1966 to an "amount of revenue approximately equal to that produced in 1965." The facts of the Berea case are not distinguishable from the facts of the Fayette County Board of Education case, in which an attempt to get increased taxes was prohibited as "contrary to the overall purpose and objective of the 'roll back' legislation."

The argument that the taxpayers knew what they were voting is not persuasive. It is irrelevant since the action in any view was prohibited by the statute. To place the majority decision on the basis that the voters were fully informed concerning the effect of the 100% assessment and the voted increased rate of taxation is to place it on a very dubious and uncertain ground.

For these reasons I respectfully dissent.

HILL, J., joins in this dissent.