William T. MULLEN, etc., Appellant,

v.

**BOARD OF EDUCATION OF HARRODS-BURG INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

Court of Appeals of Kentucky.

May 2, 1969.

Tebbs S. Moore, Phillips & Moore, Harrodsburg, for appellant.

James William Barnett, Pennington, Conover & Barnett, Harrodsburg, Jo M. Ferguson, Grafton, Ferguson, Fleisher & Harper, Louisville, for appellees.

Ray Corns, Frankfort, for Superintendent of Public Instruction, amicus curiae.

DAVIS, Commissioner.

The appellant, representing himself and all of the citizens, residents, and taxpayers of the city and independent school district of Harrodsburg, attacks a judgment which sustains the validity of a special school-tax election held in Harrodsburg in 1968.

In 1953 a special school-tax election was conducted pursuant to the authority of KRS 160.477(1) (a). At that election the voters of the district approved the levy of a tax at the rate of 50¢ per $100 of assessed valuation. The tax thus provided was levied and collected at the 50¢ rate until the effective date of the "compensating tax rate" law enacted as House Bill No. 1 at the first extraordinary session of the 1965 General Assembly. See KRS Chapter 132, with particular reference to KRS 132.-010(6) and KRS 132.023(1). The school district's former levy of $1.50 for general school purposes, as permitted by KRS 160.-475, was "rolled back" for 1966 and subsequent years' taxes to 50.2¢ per $100, and the special tax which had been voted in 1953 and levied at 50¢ per $100 was "rolled back" to 13.8¢ per $100 of assessed valuation.

On January 16, 1968, a comparatively small plurality of voters in the district answered affirmatively the following proposition submitted on the ballot:

"Are you for or against levying in the Harrodsburg Independent School District each year a special school building fund tax in addition to the maximum school levy as provided by law, at the rate of not less than five cents (5¢) nor more than fifteen cents (15¢) on each $100.00 of property subject to school taxation in said District, the proceeds thereof to be used according to law as set out in Section 160.477 of the Kentucky Revised Statutes, including erection, equipping, remodeling and improving school buildings, all of which may be accomplished through the payment of rentals for the retirement of school building revenue bonds issued for such purposes?"

The appellant contends that (1) KRS 132.010(6) forbids the Harrodsburg school district from requesting a second special school building fund tax, or (2) if not, the second special voted tax should also be "rolled back," and (3) the form of the question presented to the voters was fatally defective in not fully disclosing the effect of an affirmative vote.

The thrust of appellant's argument is that KRS 160.477(1) (a) effectively fixed a maximum levy of 50¢ for any school district electing to proceed under its provisions. Thus, reasons the appellant, the Harrodsburg district completely exhausted its statutory authority when it sought and obtained the voters' approval of the 50¢ levy in 1953. It follows, says the appellant, that any subsequent effort to supplement the tax income within the framework of KRS 160.477(1) (a) is invalid so long as the originally voted maximum is being levied and collected. Appellant cites decisions of this court which have dealt with some phases of interpretation of KRS 132.-010(6) as respects the "compensating tax rate." Appellant suggests that none of the cited cases specifically controls the matter at issue. The decisions referred to by appellant are as follows: Montague v. Board of Education of Ashland Independent School District, Ky., 402 S.W.2d 94; Raque v. City of Louisville, Ky., 402 S.W. 2d 697; Boggs v. Reep, Ky., 404 S.W.2d 24; Newbolt v. Board of Education of Berea Independent School District, Ky., 409 S.W.2d 513; Fayette County Board of Education v. White, Ky., 410 S.W.2d 612; Board of Education of Lexington Independent School District v. Harville, Ky., 416 S.W.2d 730; and Rea v. Gallatin County Fiscal Court, Ky., 422 S.W.2d 134.

Appellant poses the inquiry: "If the school board had already reached its maximum levy, did the 'roll-back' provisions have the effect of creating new authority in the Board and in its tax-levying agency to submit a new proposition to the people to levy an additional tax?" Appellees parry this by suggesting that appellant

does not accurately pose the issue and contend that: "The question is whether or not this legislation left the permissible limit exactly where that limit had been before." We agree that the appellees have more properly stated the problem, and we agree that the purpose and effect of KRS 132.-010(6) were to "roll back" the levy authorized by previous votes because such authorizations of levy had been obtained from the voters under different circumstances.

It is significant that the General Assembly reenacted KRS 160.477(1) (a) in the same special session in which it adopted KRS 132.010(6). It seems to us that the Legislature was expressing its intention that the authorization for a levy of 50¢ should yet prevail as respects KRS 160.-477(1) (a), notwithstanding the "rollback" provisions of KRS 132.010(6). The Legislature established the maximum of 50¢, and it has not altered it. It is plain that the district could not have sought a levy greater than 50¢, and it has not done so. Although the district had obtained a 50¢ authorization by the 1953 election, the effect of the 1965 "rollback" legislation was to reduce that authorization from 50¢ to 13.8¢. It follows that the school board had an unused authorization under KRS 160.-477(1) (a) of 36.2¢ (50¢ authorized less 13.8¢ levied, giving remainder of 36.2¢). Therefore, the 1968 election was proper as being within the unused statutory authorization, for the special tax, since the 13.8¢ already being levied and the 15¢ to be levied still fall short of the 50¢ statutory maximum.

We noted in Newbolt v. Board of Education of Berea Independent School District, Ky., 409 S.W.2d 513, 514:

"The obvious purpose of the 1965 legislation was to prevent the taxpaying public from being subjected *by governmental bodies* to taxes far in excess of those paid in the past, through the application of old tax rates to greatly increased assessments. There existed no reason to prohibit the voters from *voting upon themselves*, with full knowledge of all the facts, an additional tax."

The case before us is a classic example of the application of the principle just mentioned. The "rollback" as envisioned by KRS 132.010(6) appropriately prevented the governmental body from levying a greatly increased tax by application of an old voted rate to greatly increased assessments. By the same token, the voters possessed power to impose upon themselves an additional tax, levied pursuant to the present assessments so long as the rate of the combined voted taxes does not exceed the statutorily permitted limit of 50¢ per $100.

The appellant does not suggest any authority for his proposition that the 1968 voted rate of 15¢ per $100 should also be "rolled back" but contents himself by saying: "If the levy authorized by the 1968 election is deemed to be supplementary to the 1953 levy, surely it ought to be rolled back in the same manner as the levy to which it is supplementary." We perceive no basis for such reasoning and are unpersuaded by it.

As respects the contention that the question submitted to the voters was insufficient to fully disclose the effect of an affirmative vote, we simply note that our reading of the question, quoted in full in the opening of this opinion, leaves us unable to imagine in what respect the language is deficient insofar as it purports to apprise the electorate of the issue to be voted upon. We do not consider Ferguson v. Redding, Ky., 304 S.W.2d 927, relied upon by appellant, as supporting his contention that the question presented to the voters was defective. The factors which impelled the holding in Ferguson v. Redding are not present in the case before us. It would serve no useful purpose to compare the factual situations in the two cases.

It suffices to note that we regard the present case as completely distinguishable from Ferguson v. Redding and consider that the question propounded adequately informed the electorate of the question to be determined.

The judgment is affirmed.

All concur.

PALMORE, Judge (concurring).

I concur in the result on the ground that I do not think the "rollback" legislation was valid in the first place.