**COMMONWEALTH of Kentucky, Appellant,**

v.

**Charles M. WHITE, Appellee.**

No. 98–SC–0613–C.

Supreme Court of Kentucky.

Oct. 21, 1999.

A.B. Chandler, III, Attorney General, Criminal Appellate Division, Frankfort, Betty A. Springate, Special Assistant Attorney General, Lawrenceburg, for Appellant.

David B. Nutgrass, Lawrenceburg, Shannon Dupree Smith, Assistant Public

Advocate, Dept. of Public Advocacy, Frankfort, for Appellee.

WINTERSHEIMER, Justice.

The question to be answered here is which statute, KRS 244.080, or KRS 530.070 should be used to prosecute employees of retail licensees for selling alcoholic beverages to minors.

In 1997, White was employed by a retail liquor licensee and was charged in district court with violating KRS 244.080, when acting as a retail licensee, he sold 36 bottles of beer to a minor. It was stipulated that White was not a retail licensee, but rather that he was an employee of a retail licensee. KRS 244.080 is a Class B misdemeanor, while KRS 530.070 is a Class A misdemeanor. The district court determined that White should be prosecuted under KRS 530.070. The district judge then sustained a motion by the Commonwealth to dismiss the case without prejudice. This certification was then sought.

Both the Commonwealth and White agree that KRS 244.080, rather than KRS 530.070, is the appropriate statute to be used in the prosecution of an employee of a retail licensee. We also agree.

■ The prohibitions of KRS 244.080 were intended to apply to employees of retail licensees as well as the licensees themselves.

KRS 244.080 is broad enough to include the employees of licensees. The statute does not specifically define the term "retail licensee ." The 1998 session of the General Assembly enacted House Bill No. 609 and moved all definitions from KRS 242 and 243 into one statute, KRS 241.010.

The pertinent definitions contained in KRS 241.010 are:

(§ 26) "Licensee" means any person to whom a license has been issued. . . .

(§ 38) "Retailer" means any person who sells at retail any alcoholic beverage for the sale of which a license is required.

(§ 39) "Sale" means any transfer, exchange, or barter for consideration, and includes all sales made by any person, whether principal, proprietor, agent, servant, or employee, of any alcoholic beverage.

A licensee is the person who actually holds the license and a retailer is any person who sells any alcoholic beverage for which a license is required. Each comes under the same definition in KRS 241 .010(38), which refers to sales.

■ KRS 446.080 requires a liberal construction of statutes in order to effectuate the policy and purpose of the statute. *Bowen v. Commonwealth,* Ky., 887 S.W.2d 350 (1994). The purpose for KRS 244.080 is to prohibit the sale of alcohol to minors. Any construction of the term "retail licensee" that includes the employees would clearly advance the policy and purpose of this statute. KRS 244.990(1) makes both the license holder and the employee accountable in a situation where the employee sold alcohol to a minor. There is no logical reason why this statute would apply only to the license holder and not to the servants, clerks and employees of the license holder. Where there is an apparent conflict between two statutes, the Court is obliged to attempt to harmonize the interpretation of the law so as to give effect to both statutes. *Commonwealth v. Halsell,* Ky., 934 S.W.2d 552 (1996).

A person who does not personally hold a license to sell alcoholic beverages is not a licensee, but rather a retailer, if the person sells alcoholic beverages as an employee of a licensee. Clearly, KRS 244.080 is broad enough to include the employees of an alcohol licensee because a sale of alcoholic beverages includes all sales made by any person, whether principal, proprietor, agent, servant, or employee, of any alcoholic beverage.

■ The courts will not give strict literal construction of a statute if it would lead to an unreasonable or absurd result. *Newbolt v. Board of Education of Berea*

*Independent School Districts,* Ky., 409 S.W.2d 513 (1966). *See also Kentucky Mountain Coal Co. v. Witt,* Ky., 358 S.W.2d 517 (1962). *Kentucky Region 8 v. Commonwealth,* Ky., 507 S.W.2d 489 (1974), held that the policy and purpose of the statute will be considered in determining the meaning of the words "used."

KRS 244.080 is directed toward retail businesses while KRS 530.070 is directed toward private persons acting in their private capacities. Consequently, the retail licensee is held to a strict liability standard for the direct illegal acts of his employees. Thus, both the retail licensee and the employee could be charged with the same offense. Accordingly, KRS 244.080 prohibits a person acting as an employee of a retail licensee from selling alcoholic beverages to a person under 21 years of age.

It has previously been held in Kentucky that the sale of intoxicating beverages by an agent of the licensee has the same meaning as a licensee being in possession. *Hoskins v. Commonwealth,* 171 Ky. 204, 188 S.W. 348 (1916). *See also Knight v. Commonwealth,* 194 Ky. 563, 240 S.W. 40 (1922); *Wells v. Commonwealth,* 205 Ky. 322, 265 S.W. 818 (1924); *Beets v. Commonwealth,* Ky., 437 S.W.2d 493 (1968).

Under the circumstances of this situation, we do not believe the lack of a precise definition for the term "retail licensee" creates any ambiguity as to whether or not that term includes employees of the licensee. A conflict in the law is not an ambiguity which would involve the application of the rule of lenity.

This case was dismissed by the district judge without prejudice and further prosecutions if any are subject to the prudent decisions of the prosecutor and the rulings of the district court. It is not the purpose of this certification to decide questions of double jeopardy.

The law is certified that an employee of a retail licensee who sells alcoholic beverages to a minor can be prosecuted under KRS 244 .080.

LAMBERT, C.J., GRAVES, JOHNSTONE, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

COOPER, J., concurs in result only.