RENDERED:  OCTOBER 20, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1054-MR

COMMONWEALTH OF KENTUCKY            APPELLANT


v.
         
APPEAL FROM PULASKI CIRCUIT COURT
HONORABLE TERESA WHITAKER, JUDGE
ACTION NO. 21-CR-00588-001


BILLY LETNER                                 APPELLEE


OPINION
REVERSING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND McNEILL, JUDGES.

McNEILL, JUDGE:  The Commonwealth appeals from the Pulaski Circuit Court's

order dismissing its indictment against Billy Letner ("Letner"), finding KRS[1]

218A.133 exempts Letner from prosecution for trafficking in a controlled

substance.  We reverse.

---

[1] Kentucky Revised Statutes.

## BACKGROUND

On June 25, 2021, Letner called 911 to report a female had overdosed in the apartment where he was staying. When police arrived, they found a young woman unconscious in the bathroom and several used syringes, including one containing suspected heroin. While in the house, police also noticed small, clear plastic baggies on the kitchen table. Based on their observations (and other information available to the officers),[2] they applied for a search warrant for the premises. Police recovered methamphetamine and fentanyl, and Letner was later indicted on two counts of first-degree trafficking in a controlled substance.

Letner moved to dismiss the indictment, arguing he was exempt from prosecution pursuant to KRS 218A.133, Kentucky's Medical Amnesty Statute. Following a hearing, the trial court granted the motion. It reasoned that since one of the definitions of "trafficking" includes "possession with intent," and since trafficking in a controlled substance necessarily includes possession of the substance, KRS 218A.133 should be construed liberally to include trafficking within the statute's immunity from prosecution for possession of controlled substance crimes. This appeal followed.

---

[2] According to the hearing, the affidavit in support of the search warrant alleged the overdose victim had recently been indicted on a trafficking charge, and emergency personnel had recently been called to Letner's address about an intoxicated person believed to be using heroin. However, this affidavit was not included in the record on appeal.

## STANDARD OF REVIEW

We review questions of statutory interpretation *de novo*, giving no deference to the trial court's conclusions. *Wilson v. Commonwealth*, 628 S.W.3d 132, 140 (Ky. 2021) (citation omitted). On appeal, the Commonwealth argues the trial court erred in concluding KRS 218A.133 bars prosecution for trafficking in a controlled substance. Letner did not file a responsive brief.[3]

## ANALYSIS

KRS 218A.133 provides in relevant part:

(2) A person shall not be charged with or prosecuted for a criminal offense prohibiting the possession of a controlled substance or the possession of drug paraphernalia if:

(a) In good faith, medical assistance with a drug overdose is sought from a public safety answering point, emergency medical services, a law enforcement officer, or a health practitioner because the person:

1. Requests emergency medical assistance for himself or herself or another person;

2. Acts in concert with another person who requests emergency medical assistance; or

---

[3] Pursuant to Kentucky Rules of Appellate Procedure ("RAP") 31(H)(3), this court may impose penalties when an appellee fails to file a brief. However, the decision to impose penalties is within our discretion. *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). In this instance, we decline to do so.

3. Appears to be in need of emergency medical assistance and is the individual for whom the request was made;

(b) The person remains with, or is, the individual who appears to be experiencing a drug overdose until the requested assistance is provided; and

(c) The evidence for the charge or prosecution is obtained as a result of the drug overdose and the need for medical assistance.

(3) The provisions of subsection (2) of this section shall not extend to the investigation and prosecution of any other crimes committed by a person who otherwise qualifies under this section.

KRS 218A.133(2)-(3).

"[T]he cardinal rule of statutory construction is that the intention of the legislature should be ascertained and given effect." *MPM Fin. Group, Inc. v. Morton*, 289 S.W.3d 193, 197 (Ky. 2009) (citation omitted). When the words of a statute "are clear and unambiguous and express the legislative intent, there is no room for construction or interpretation and the statute must be given its effect as written." *McCracken County Fiscal Court v. Graves*, 885 S.W.2d 307, 309 (Ky. 1994). Furthermore, "[w]here there is an apparent conflict between two statutes, the Court is obliged to attempt to harmonize the interpretation of the law so as to give effect to both statutes." *Commonwealth v. White*, 3 S.W.3d 353, 354 (Ky. 1999) (citation omitted).

The language of KRS 218A.133 is clear and unambiguous. The statute explicitly grants immunity from prosecution for criminal offenses prohibiting the *possession* of a controlled substance (or paraphernalia). There is no exemption from prosecution for *trafficking* in a controlled substance, a distinct statutory offense. *Compare* KRS 218A.1412 *with* KRS 218A.1415. Trafficking is separately defined as "to manufacture, distribute, dispense, sell, transfer, or possess with intent to manufacture, distribute, dispense, or sell a controlled substance[.]" KRS 218A.010(56). Had the legislature wanted to exempt trafficking offenses from prosecution, it could have easily done so. "[W]e assume that the Legislature meant exactly what it said, and said exactly what it meant." *Commonwealth ex rel. Brown v. Stars Interactive Holdings (IOM) Ltd.*, 617 S.W.3d 792, 798 (Ky. 2020) (citation omitted).

Because the language of KRS 218A.133 is plain, the trial court erred in construing the statute liberally to "embrace the legislative intent of preventing overdose deaths[.]" August 19, 2022 Trial Court Order at p. 5. *See Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815, 819 (Ky. 2005) (citation omitted) ("[I]f the [statute's] meaning is plain, then the court cannot base its interpretation on any other method or source."); *Shawnee Telecom Resources, Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky. 2011) (citations omitted) ("Only if the statute is ambiguous or otherwise frustrates a plain reading, do we resort to extrinsic aids such as the

statute's legislative history; the canons of construction; or, especially in the case of model or uniform statutes, interpretations by other courts."). Further, had the statute been ambiguous, the legislative history of the larger statutory scheme, of which KRS 218A.133 is a part, supports our reading that KRS 218A.133's immunity only applies to possession of controlled substance crimes, not trafficking.

As summarized by our Supreme Court in *Wilson*, 628 S.W.3d at 138-39, "KRS 218A.133 was enacted in March of 2015 as a component of Senate Bill 192 (S.B. 192), a comprehensive 'anti-heroin bill.'" "Following its passage, former Governor Steve Beshear remarked that S.B. 192 was a 'muscular approach [to the heroin epidemic] designed to impact users, sellers, law enforcement and public health.'" *Id.* at 139 (citing Kentucky Governor's Message, 2015 Ky. Acts ch. 66, § 11 (S.B. 192) (eff. Mar. 25, 2015)). Thus, S.B. 192 was designed "to reduce [both] the trafficking and abuse of heroin." *Id.* (citing Kentucky Governor's Message, 2015 Ky. Acts ch. 66, § 11 (S.B. 192) (eff. Mar. 25, 2015)). Construing KRS 218A.133 to grant immunity to traffickers would frustrate the bill's purpose. "[W]e must assume that the General Assembly intends that a statute be read as a whole such that each of its constituent parts have meaning." *Wilson*, 628 S.W.3d at 140 (citation omitted). By its plain language, KRS 218A.133 grants immunity to drug possessors, not drug traffickers, and in so

doing, strikes a balance between the statute's twin goals of reducing both trafficking and abuse of heroin.

## **CONCLUSION**

Therefore, the order of Pulaski Circuit Court dismissing Letner's indictment is reversed.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE.

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky